# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 23, 2015

Lyle W. Cayce
Clerk

No. 14-51223
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PELLY LEE MASON, also known as Perry Lee Mason. also known as Lee James Mason,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:13-CR-416-1

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Pelly Lee Mason pleaded guilty to transporting a minor in interstate commerce with the intent to engage in criminal sexual activity, a violation of 18 U.S.C. § 2423(a). He was sentenced to 405 months in prison and a life term of supervised release. On appeal, he challenges only a special condition of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

supervised release that requires him to "abstain from the use of alcohol and all other intoxicants during the term of supervision."

"A district court has wide discretion in imposing terms and conditions of supervised release." *United States v. Paul*, 274 F.3d 155, 164 (5th Cir. 2001). We typically review special conditions of supervised release under a "deferential abuse-of-discretion standard, pursuant to *Gall [v. United States*, 552 U.S. 38, 51 (2007)]." *United States v. Rodriguez*, 558 F.3d 408, 412 (5th Cir. 2009). However, plain error review applies here because Mason made no objection to the condition in the district court. *See United States v. Phipps*, 319 F.3d 177, 192 (5th Cir. 2003). Our review is therefore highly deferential to the district court's judgment. *See United States v. Ellis*, 720 F.3d 220, 227-28 (5th Cir. 2013). To establish plain error, the appellant must show a forfeited error that is clear or obvious that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). An error is not clear or obvious if it is subject to reasonable debate. *Id.* If the appellant makes the requisite showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

A sentencing court has broad discretion in deciding what conditions of supervised release to impose; nonetheless, the conditions

> must be reasonably related to . . . (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the need to afford adequate deterrence to criminal conduct, (3) the need to protect the public from further crimes of the defendant, and (4) the need to provide the defendant with needed . . . medical care, or other correctional treatment.

*United States v. Ferguson*, 369 F.3d 847, 852 (5th Cir. 2004) (internal quotation marks and citations omitted). The deprivation of liberty imposed should not exceed that needed to meet the latter three goals. *Id.*

No. 14-51223

The Presentence Report (PSR), which Mason did not challenge, reflected Mason's history of ill-health and longstanding problems with depression, including suicidal ideation and attempted suicides (one as recently as two weeks before the PSR interview).   It documented Mason's repeated abuse of the young minor involved in this case as well as a prior history of abusing minors.  He had a family history of substance abuse and was himself the victim of child abuse.  The PSR stated that Mason began using alcohol in 2007 after receiving an insurance settlement.  He drank alcohol daily for six months but stopped drinking when he "ran out of the money."

Mason argues that his history does not support the supervised release condition in question because it does not show a pattern of substance abuse or current alcohol use.  We conclude that, under the totality of Mason's history and characteristics taking into account the factors above, the district court's imposition of this condition is debatable.  Accordingly, it cannot be plain error. *Puckett*, 556 U.S. at 135 (to constitute plain error, "the legal error must be . . . obvious, rather than subject to reasonable dispute"). Even if it were not debatable, we conclude that, given that Mason will be more than 80 years old when he is released some 27 years from now, it is "hard to say" at this point that this term affects his substantial rights or supports exercise of our discretion to correct any error.  *Phipps*, 319 F.3d at 193-94 (5th Cir. 2003) (defendants would not be released until they were nearly 60 years old after a lengthy prison sentence so "it is hard to say that the special condition affects their substantial rights or warrants the exercise of our . . . discretion").  Our ruling here is without prejudice to Mason seeking a modification of his term after his release if conditions warrant.  18 U.S.C. § 3583(e)(2).

AFFIRMED.