**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

JESUS MANUEL MUÑOZ,

     Defendant - Appellant.

No. 15-2048

_____

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. No. 2:14-CR-03130-JBM-1)**
_____

Andre Poissant, Assistant Federal Public Defender, Office of the Federal Public Defender, Las Cruces, New Mexico, for Defendant-Appellant.

David N. Williams, Assistant United States Attorney (Damon P. Martinez, United States Attorney and Laura Fashing, Assistant United States Attorney, with him on the brief), Albuquerque, New Mexico, for Plaintiff-Appellee.
_____

Before **KELLY**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

**BACHARACH**, Circuit Judge.
_____

    Mr. Jesus Manuel Muñoz was charged with possession with intent to distribute marijuana. He pleaded guilty and was sentenced to time served or thirteen days, whichever was less, and two years of supervised release.

The term of the supervised release included twelve "standard" conditions of supervised release and two "special" conditions. On appeal, Mr. Muñoz raises substantive and procedural challenges to twelve of the fourteen conditions. Rejecting these challenges, we affirm.

## I.     Substantive Challenges to the Conditions

Mr. Muñoz raises substantive challenges to each of the twelve conditions in dispute. Some of these challenges were raised in district court, but some are new.[1] We review the new arguments under the plain-error standard and the previously asserted arguments under the abuse-of-discretion standard.[2] Ultimately, we reject each challenge.

---

[1]     One of the new challenges is conditional. This condition states: "[T]he defendant shall not leave the judicial district without the permission of the court or probation officer." Mr. Muñoz asks us to instruct the district court to add the word "knowingly," but only if we remand for resentencing on other grounds. Appellant's Opening Br. at 19. Because we do not remand for resentencing, we need not consider this conditional request.

[2]     The sections on the plain-error and abuse-of-discretion standards address four of the same conditions. For these conditions, Mr. Muñoz brings some challenges that were raised in district court, but adds some new arguments. The new arguments are included in the section applying the plain-error standard. The challenges previously raised are addressed in the section applying the abuse-of-discretion standard.

**A.** **Mr. Muñoz's new challenges to seven of the supervised release conditions fail under the plain-error standard.**[3]

On appeal, Mr. Muñoz challenges seven conditions at least in part on grounds not presented in district court. For these challenges, we apply the plain-error standard. *United States v. Walser*, 275 F.3d 981, 987 (10th Cir. 2001). Under the plain-error standard, Mr. Muñoz must show that (1) the district court erred, (2) the error was plain, (3) the error affected substantial rights, and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. *United States v. Harris*, 695 F.3d 1125, 1130 (10th Cir. 2012). An error is "plain" if it is "clear or obvious." *Morales-Fernandez v. INS*, 418 F.3d 1116, 1124 (10th Cir. 2005). In applying this standard, we reject each of Mr. Muñoz's new arguments.

**1.** **"[T]he defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons."**

Mr. Muñoz argues that this condition is impermissibly vague because it does not define "[t]he terms 'regularly' and 'other acceptable reasons.'"[4]

---

[3] Because Mr. Muñoz brings related challenges to two conditions concerning alcohol, controlled substances, and other intoxicants, we analyze these two conditions together. *See* Part I(A)(2).

[4] Mr. Muñoz also argues that this condition impermissibly imposes strict liability. Because Mr. Muñoz raised this argument in district court, we analyze it below under the abuse-of-discretion standard. *See* Part I(B)(3).

3

Appellant's Opening Br. at 24. Because Mr. Muñoz did not raise this objection in district court, we apply the plain-error standard.

We need not decide whether the district court erred because any possible error would not have been plain. The condition is identical to one of the standard conditions recommended in the sentencing guidelines for supervised release. *See* U.S. Sentencing Guidelines Manual § 5D1.3(c)(5) (2014). In light of this recommendation, district courts impose this condition with virtual uniformity. *See United States v. Truscello*, 168 F.3d 61, 63-64 (2d Cir. 1999). Though this condition has been imposed countless times, we have never addressed a vagueness challenge to the supervised release term "regularly" or "other acceptable reasons." In light of the lack of precedent invalidating this condition, we conclude that the district court did not commit an obvious error (if any). *See United States v. Turrietta*, 696 F.3d 972, 981 (10th Cir. 2012) ("Since a district court cannot be faulted for failing to act on its own motion where the law is unsettled, a matter of first impression will generally preclude a finding of plain error."). As a result, this challenge fails under the plain-error standard.

**2.** **"[T]he defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician," and "[t]he defendant must refrain from the use and possession of alcohol and other forms of intoxicants."**

In district court, Mr. Muñoz objected to these two conditions on the ground that they did not allow for religious and other legal uses of alcohol. On appeal, Mr. Muñoz does not pursue this objection. Instead, he makes three new arguments:

1. The two conditions are inconsistent.

2. The two conditions are vague.

3. The condition involving controlled substances is superfluous.

Because these arguments are new, we apply the plain-error standard. Under this standard, Mr. Muñoz's arguments fail as a matter of law.

**a.** **We reject Mr. Muñoz's argument that the two conditions are inconsistent.**

Mr. Muñoz notes that the first condition requires him to avoid "excessive alcohol use," while the second prohibits consumption of any alcohol. As Mr. Muñoz points out, these requirements are inconsistent. But the district court noted the inconsistency and orally explained that the prohibition on alcohol consumption took precedence. *See* R. vol. III, at 23-24.

5

The oral condition controls over the written. *United States v. Villano*, 816 F.2d 1448, 1450-51 (10th Cir. 1987) (en banc). Thus, the inconsistency between the written and oral conditions did not affect Mr. Muñoz's substantial rights. *See United States v. Harris*, 695 F.3d 1125, 1130 (10th Cir. 2012) (explaining that an error is plain only if it affects substantial rights). Because the inconsistency did not affect Mr. Muñoz's substantial rights, we reject this challenge under the plain-error standard.

**b.      We reject Mr. Muñoz's argument that the two conditions are vague based on the failure to define key terms.**

Mr. Muñoz complains about the vagueness of three terms:

1.    "excessive use"

2.    "intoxicants"

3.    "alcohol"

Use of these terms did not constitute plain error.

As noted above, the written condition prohibits excessive use of alcohol. Mr. Muñoz complains that the modifier "excessive" is vague because of uncertainty about how much alcohol is too much. *See United States v. Kappes*, 782 F.3d 828, 849 (7th Cir. 2015) ("The condition that the defendant 'refrain from excessive use of alcohol,' is vague because 'excessive use' is not defined."). But the district court explained that Mr. Muñoz could not drink any alcohol. R. vol. III, at 23-24. Thus, any

6

vagueness in the word "excessive" would not have affected Mr. Muñoz's substantial rights.

Mr. Muñoz also complains that the words "alcohol" and "intoxicants" are vague because they could include over-the-counter medications, vanilla extract, rubbing alcohol, coffee, cigarettes, sugar, and chocolate. Two courts have expressed concern over similar terms. For example, the Seventh Circuit has criticized the term "mood altering substance" because it could include coffee, cigarettes, sugar, and chocolate. *United States v. Siegel*, 753 F.3d 705, 713 (7th Cir. 2014); *see also United States v. Downs*, 784 F.3d 1180, 1181 (7th Cir. 2015) (criticizing the phrase "for the purpose of intoxication" because it is unclear whether the phrase is limited to alcoholic beverages or includes other substances). Similarly, the Ninth Circuit balked at a condition prohibiting consumption of substances intended to mimic the effects of a controlled substance, noting that this condition could include chocolate or coffee. *United States v. Aquino*, 794 F.3d 1033, 1037 (9th Cir. 2015). But no federal appeals court has invalidated a supervised release condition prohibiting the consumption of alcohol or intoxicants.

In our view, the district court did not err, for we use common sense to guide our interpretation of supervised release conditions. *See United States v. Mike*, 632 F.3d 686, 701 (10th Cir. 2011) (opting for a "commonsense" interpretation of release conditions over an interpretation

7

that is "overly technical"). With the gloss of common sense, the condition was not too vague. As a result, we reject Mr. Muñoz's challenge under the plain-error standard.

### c. We reject Mr. Muñoz's argument that the condition involving controlled substances is superfluous.

For the first time, Mr. Muñoz argues on appeal that this condition is "superfluous." But he does not point to any opinions invalidating a supervised release condition because it is superfluous. Thus, this challenge fails under the plain-error standard. *See United States v. Ibarra-Diaz*, 805 F.3d 908, 931 n.14 (10th Cir. 2015) (rejecting an appeal point under the plain-error standard because the defendant failed to cite any supporting cases from our court or the Supreme Court).

### 3. "[T]he defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."

Mr. Muñoz argues on appeal that the terms "frequent" and "place" are vague. Because he did not make this objection in district court, our review is for plain error.[5]

This condition is recommended, almost verbatim, in the sentencing guidelines. U.S. Sentencing Guidelines Manual § 5D1.3(c)(8) (2014). Nonetheless, the Seventh Circuit has criticized a similar condition as too

---

[5] Mr. Muñoz also argues that this condition is impossible to satisfy and imposes strict liability. Because Mr. Muñoz raised these arguments in district court, we analyze them below under the abuse-of-discretion standard. *See* Part I(B)(8).

vague. *United States v. Kappes*, 782 F.3d 828, 849 (7th Cir. 2015); *United States v. Thompson*, 777 F.3d 368, 379 (7th Cir. 2015). But the Ninth Circuit rejected a virtually identical challenge under the plain-error standard. *United States v. Phillips*, 704 F.3d 754, 767-68 (9th Cir. 2012); *see also United States v. Paul*, 274 F.3d 155, 166-67 (5th Cir. 2001) (rejecting a similar challenge to a condition requiring the defendant to avoid places frequented by minors). To date, our circuit has not spoken on the issue. In light of the split among other courts, any possible error would not have been obvious under the plain-error standard. *See United States v. Teague*, 443 F.3d 1310, 1319 (10th Cir. 2006) ("If neither the Supreme Court nor the Tenth Circuit has ruled on the subject, we cannot find plain error if the authority in other circuits is split."). As a result, we reject this challenge.

4. **"The defendant must submit to a search of the defendant's person, property, or automobile under the defendant's control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting illegal drugs, firearms, or any illegal activity at the direction of the probation officer. The defendant must inform any residents that the premises may be subject to a search."**

On appeal, Mr. Muñoz argues for the first time that this condition should be limited to searches of his home and automobile because workplace searches would make him less desirable as an employee. For the sake of argument, we assume that the condition would affect Mr. Muñoz's desirability as an employee. But Mr. Muñoz has not pointed to any case

9

law supporting his challenge; thus, we cannot regard an error (if any) as obvious under the plain-error standard. *See* Part I(A)(2)(c) (citing authority). This challenge is rejected.

> **5. "[T]he defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer."**

Mr. Muñoz argues on appeal that the condition is too vague. This argument is new and reviewable under the plain-error standard.[6]

In our view, an error (if any) would not have been obvious under the plain-error standard. This condition is recommended in the sentencing guidelines, and Mr. Muñoz does not identify any cases questioning this condition. U.S. Sentencing Guidelines Manual § 5D1.3(c)(11) (2014). Instead, he poses three questions:

- What does "questioned" mean?

- What is a "law enforcement officer"?

- Does the condition include chance encounters with officers?

The answers seem obvious, for most individuals would know the meaning of the terms "questioned," "law enforcement officers," and "arrested." But even if we generously assume that the court erred, we could reverse only if the error was obvious.

---

[6] In district court, Mr. Muñoz objected to this condition on the ground that he might be unable to comply. He renews that challenge on appeal, which we address below in Part I(B)(7).

Other courts are divided on whether this condition is impermissibly vague. *Compare United States v. Clarke*, 428 F. App'x 712, 713 (9th Cir. 2011) (unpublished; per curiam) (holding this condition is not impermissibly vague because defendants need not guess at the meaning), *with United States v. Maloney*, 513 F.3d 350, 357-59 (3d Cir. 2008) (concluding that this condition, as applied, is impermissibly vague because defendants had to guess at the meaning and could reasonably disagree in their interpretations). In our own circuit, we have not yet addressed the issue. In these circumstances, we cannot regard an error by the district court (if any) as obvious. *See* Part I(A)(3) (citing authority). Thus, we reject this challenge under the plain-error standard.

6.  **"[T]he defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer."**

Mr. Muñoz challenged this condition in district court.[7] But on appeal he argues for the first time that this condition is too vague under the U.S. Constitution. According to Mr. Muñoz, the condition might be vague in various scenarios. For example, he might not know if someone is a convicted felon, he could be forced to interact with convicted felons at a halfway house, or a family member might have a felony conviction. In our view, any error (if any) would not have been obvious under the plain-error

_____

[7]     Mr. Muñoz renews some of these challenges, and we address those challenges below in Part I(B)(5).

11

standard. "[I]t is well established that associational conditions do not extend to [casual] or chance meetings." *United States v. Mike*, 632 F.3d 686, 697 (10th Cir. 2011) (quoting *United States v. Loy*, 237 F.3d 251, 269 (3d Cir. 2001)). And neither the Supreme Court nor our court has ever invalidated this condition (or any similar condition) on vagueness grounds. As a result, we reject this challenge under the plain-error standard.

**B.    Mr. Muñoz's challenges to eight of the conditions fail under the abuse-of-discretion standard.**

In this appeal, Mr. Muñoz renews challenges to eight of the conditions. In reviewing these challenges, we apply the abuse-of-discretion standard. *United States v. Dougan*, 684 F.3d 1030, 1034 (10th Cir. 2012). The district court abuses its discretion when a ruling is based on a clearly erroneous finding of fact, an erroneous conclusion of law, or a clear error of judgment. *United States v. Batton*, 602 F.3d 1191, 1196 (10th Cir. 2010). We conclude that the district court did not abuse its discretion by imposing the eight conditions.

**1.    "[T]he defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."**

Mr. Muñoz objected to this condition, arguing that it compromises his Fifth Amendment right against self-incrimination. We disagree.

Depending on what is asked, Mr. Muñoz might be able to invoke his Fifth Amendment privilege against self-incrimination. *Minnesota v.*

12

*Murphy*, 465 U.S. 426, 427-28, 435 n.7 (1984). This condition does not prevent Mr. Muñoz from asserting a Fifth Amendment privilege. *See id.* at 437 ("Without the benefit of an authoritative state-court construction of the condition, we are hesitant to read into the truthfulness requirement an additional obligation that [the probationer] refrain from raising legitimate objections to furnishing information that might lead to his conviction for another crime."). As a result, the requirement to answer truthfully does not violate the Fifth Amendment. *See United States v. Douglas*, 806 F.3d 979, 987 (7th Cir. 2015) (holding that a similar condition does not violate the Fifth Amendment because the defendant can invoke the privilege against self-incrimination); *United States v. York*, 357 F.3d 14, 24 (1st Cir. 2004) (concluding that the defendant "cannot mount a generalized Fifth Amendment attack on the conditions of his supervised release on the ground that he will be required to answer probation officers' questions truthfully").[8]

2. **"[T]he defendant shall support his or her dependents and meet other family responsibilities."**

Mr. Muñoz objected to this condition on the grounds that

---

[8] Mr. Muñoz suggests that the condition could require him to disclose violation of other conditions, which could lead to revocation of supervised release. Appellant's Opening Br. at 20-21. That is true, but the Fifth Amendment does not prohibit compulsion to answer questions that could lead to revocation of supervised release. *See Minnesota v. Murphy*, 465 U.S. 419, 435 n.7 (1984).

13

- the terms "dependents" and "support" are too vague because they do not identify who must be supported and how,

- the condition would penalize Mr. Muñoz for failing to support his family even if he is unable to do so, and

- the phrase "or her" should be removed because Mr. Muñoz is a male.

We review the district court's imposition of this condition for an abuse of discretion. We conclude that the district court acted within its discretion.

According to Mr. Muñoz, the words "support" and "dependent" can be ambiguous in particular circumstances. But the court could reasonably impose conditions involving some measure of flexibility:

> Conditions of probation do not have to be cast in letters six feet high, or to describe every possible permutation, or to spell out every last, self-evident detail. . . . Conditions of probation may afford fair warning even if they are not precise to the point of pedantry.

*United States v. Gallo*, 20 F.3d 7, 12 (1st Cir. 1994).

Though the terms "dependent" and "support" may involve ambiguity in particular circumstances, the court could reasonably assume that Mr. Muñoz would understand what was required. For example, a "dependent" is ordinarily someone who relies on a family member for financial support. *See, e.g.*, New Oxford American Dictionary 466 (3d ed. 2010) (defining "dependent" as "a person who relies on another, [especially] a family member, for financial support"). Mr. Muñoz has not supplied an alternative

14

definition of "dependent," and we do not believe there is room for confusion.

Nor are we troubled by the term "support." Mr. Muñoz argues that the term could require him to "provid[e] financial assistance, provid[e] physical assistance, and giv[e] encouragement." *See* Appellant's Opening Br. at 22 (quoting online Oxford English Dictionary). But common sense dictates that Mr. Muñoz cannot be penalized for failing to encourage dependents or to provide physical assistance. The term "support," in this context, means to "provide with a home and the necessities of life." New Oxford American Dictionary 1748 (3d ed. 2010).

We also reject Mr. Muñoz's contention that his supervised release could be unjustly revoked if he fails to provide the required support, even if he tries in good faith to provide that support. The contention defies common sense, for the condition is naturally understood to require only financial support that Mr. Muñoz is able to provide. *See United States v. Mike*, 632 F.3d 686, 701 (10th Cir. 2011) (calling for "commonsense" interpretation of conditions).

Finally, we reject Mr. Muñoz's challenge to the phrase "he or she." Mr. Muñoz is a male and the clause "or she" was unnecessary. But the clause did not affect the substance of the condition. As a result, the district court did not abuse its discretion in using the phrase "he or she."

15

**3. "[T]he defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons."**

Mr. Muñoz argues that this condition imposes strict liability because he would be in violation if he is unable to find a job or is fired. In our view, the court acted within its discretion.[9]

Mr. Muñoz's interpretation is literal, requiring him to do something that might not be within his control. The court could reasonably interpret the condition differently. Many conditions might be reasonable but impossible to perform in given circumstances. For example, a parent might be unable to pay child support at some point in the future, but that possibility does not prevent entry of an order for child support. Likewise, the district court had the discretion to require employment even though Mr. Muñoz might not get hired or might get fired. *See United States v. Spencer*, 640 F.3d 513, 521 (2d Cir. 2011) ("A releasee cannot be imprisoned for failing to comply with an impossible condition."). Thus, the district court did not abuse its discretion by requiring Mr. Muñoz to work unless excused by the probation officer for acceptable reasons.

---

[9] Mr. Muñoz also complains that the terms "regularly" and "other acceptable reasons" are undefined. We address this argument above in Part I(A)(1).

16

**4.      "[T]he defendant shall notify the probation officer at least ten days prior to any change in residence or employment."**

Mr. Muñoz again raises an impossibility challenge, arguing that he could be punished if he is unable to fulfill this condition. We hold that the district court did not abuse its discretion in imposing this condition because it does not require the impossible of Mr. Muñoz.

The most sensible understanding of this condition is that Mr. Muñoz must give notice of an event only if he foresees it. *See United States v. Mike*, 632 F.3d 686, 701 (10th Cir. 2011) (favoring a "commonsense" reading of conditions of supervised release); *see also United States v. Toliver*, 183 F. App'x 745, 751 (10th Cir. 2006) (unpublished) ("[I]f [the defendant] was unaware that he would be evicted ten days in advance of that eviction, the condition clearly obligated [the defendant] to notify his probation officer after the eviction."); *accord United States v. Spencer*, 640 F.3d 513, 521 (2d Cir. 2011) ("[This condition], by its terms, applies only if it was possible for [the defendant] to notify his probation officer of a change in employment 'at least ten days prior' to the change."). Thus, the district court acted within its discretion in imposing this condition. In these circumstances, we reject Mr. Muñoz's challenge.

**5.** **"[T]he defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer."**

Mr. Muñoz argues that this condition violates his constitutional rights of association and is too difficult to satisfy.[10] We reject these arguments.

According to Mr. Muñoz, the condition infringes on his rights to associate with family members and with other convicts. We disagree.

In addressing his right to familial association, Mr. Muñoz contends that members of his family might have felony convictions. We have held that a condition of supervised release can sometimes violate the right of familial association, but only when the condition would actually restrict association with a family member. *See, e.g.*, *United States v. Bear*, 769 F.3d 1221, 1229 (10th Cir. 2014) ("[R]estrictions on a defendant's contact with his own children are subject to stricter scrutiny."); *United States v. Burns*, 775 F.3d 1221, 1222-23 (10th Cir. 2014) (holding that the district court could restrict a father's contact with his child only if the circumstances were compelling). But Mr. Muñoz has not alleged that he

---

[10]     Mr. Muñoz also argues that this condition is unconstitutionally vague. We address this argument above under the plain-error standard. *See* Part I(A)(6).

has any family members with felony convictions.[11] In the absence of such an allegation, the district court acted within its discretion in imposing the condition.

Mr. Muñoz relies on two Ninth Circuit opinions, which invalidated conditions preventing interaction with the defendant's children and a "disruptive group." *See United States v. Wolf Child*, 699 F.3d 1082, 1100 (9th Cir. 2012) (children); *United States v. Soltero*, 510 F.3d 858, 867 (9th Cir. 2007) (disruptive groups). We doubt that Mr. Muñoz's alleged constitutional interest in associating with other convicted felons is as strong as his interest in associating with his own children or with organized groups. And to the extent that Mr. Muñoz does have an interest in associating with other felons, "[t]he existence of a constitutionally protected liberty interest . . . does not render impermissible any condition that would interfere with [it]." *United States v. Davis*, 452 F.3d 991, 995 (8th Cir. 2006). Keeping Mr. Muñoz away from other convicted felons is a sensible way to reduce the risk of recidivism, which is a legitimate purpose of supervised release even if the condition encroaches on a constitutionally protected interest. *See id.*; 18 U.S.C. §§ 3553(a)(2)(C), 3583(c).

---

[11] At sentencing, Mr. Muñoz's attorney was equivocal: "[W]hat if a family member has a conviction? What if a father or mother has a conviction? What if a child has a conviction? Now, those may or may not matter in this case -- I actually think they do . . . ." R. vol. III, at 30. In his appellate briefs, Mr. Muñoz was again equivocal, stating: "It is possible that members of Mr. Muñoz's family may have felony convictions." Appellant's Opening Br. at 31.

Mr. Muñoz also stated to the district court that because so many Americans have felony convictions, it would be difficult to avoid interaction with a convicted felon. Yet if Mr. Muñoz does have an interaction with a convicted felon, Mr. Muñoz would not necessarily run afoul of this condition, for associational conditions do not restrict casual or chance meetings. *See* Part I(A)(6). Thus, imposition of this condition did not involve an abuse of discretion. *See, e.g.*, *United States v. Vega*, 545 F.3d 743, 750 (9th Cir. 2008) (rejecting a similar challenge by construing the condition to prohibit only "knowing" association with members of a criminal street gang).

6. **"[T]he defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer."**

Mr. Muñoz challenges this condition based on vagueness and deprivation of due process.[12] We reject these challenges.

---

[12] In a single sentence, Mr. Muñoz also states that this condition could "potentially interfere" with the rights of third parties, like employees or co-residents. Appellant's Opening Br. at 34. This sentence is never explained or supported. Thus, we do not know whether Mr. Muñoz intended to assert third-party rights as a separate ground to invalidate the condition. If he did intend this as a separate ground, however, he waived it by failing to develop the argument. *See Thomas v. Gibson*, 218 F.3d 1213, 1224 n.9 (10th Cir. 2000) (holding that an argument was waived when it consisted of only three sentences, the appellant failed to cite the controlling framework, and the appellant developed the point only "superficially").

First, Mr. Muñoz argues that the condition is vague because the phrase "at home or elsewhere" could be interpreted to allow the probation officer to visit anywhere at any time.[13] This interpretation is correct.

Mr. Muñoz apparently assumes that this interpretation makes the condition too harsh. But even if the condition is considered harsh, it would not be vague. Indeed, in other cases, we have held that the district court enjoys discretion to impose similar conditions. *See United States v. White*, 244 F.3d 1199, 1208 (10th Cir. 2001) (upholding a similar condition and noting that suspicionless "probationary searches are not uncommon"); *United States v. Hanrahan*, 508 F.3d 962, 971 (10th Cir. 2007) (upholding a condition requiring the defendant to "submit to a search of his person, property, or automobile under his control to ensure compliance with all conditions of probation").

Second, Mr. Muñoz argues that the condition prevents him from challenging the confiscation of property on due-process grounds. This argument is incorrect. Mr. Muñoz can challenge the confiscation, but he must first allow the probation officer to confiscate contraband observed in plain view.

---

[13]   In district court, Mr. Muñoz objected to this condition based on overbreadth, but not vagueness. For the sake of argument, we assume (without deciding) that Mr. Muñoz preserved the vagueness objection through his objection based on overbreadth.

21

We have upheld supervised release conditions requiring defendants to submit to suspicionless searches. *United States v. Hanrahan*, 508 F.3d 962, 970-71 (10th Cir. 2007); *United States v. White*, 244 F.3d 1199, 1208 (10th Cir. 2001). As in those cases, the district court allowed suspicionless searches of Mr. Muñoz. He can challenge the searches based on due process, just as the defendants could in our prior cases. But Mr. Muñoz must first allow the search and confiscation of contraband seen in plain view. In light of our precedents, the court acted within its discretion. *See Minnesota v. Dickerson*, 508 U.S. 366, 375 (1993) ("[I]f police are lawfully in a position from which they view an object, if its incriminating character is immediately apparent, and if the officers have a lawful right of access to the object, they may seize it without a warrant.").

Finally, Mr. Muñoz argues that this condition is superfluous because another condition already requires submission to searches "conducted in a reasonable manner and at a reasonable time." Appellant's Opening Br. at 34. But these conditions contain different requirements. With the combination of these two conditions, the probation officer can

- visit Mr. Muñoz anywhere and at any time,

- confiscate contraband that is in plain view, and

- conduct searches in a reasonable manner and at a reasonable time.

22

Even if one of these conditions is superfluous, Mr. Muñoz does not explain why that would constitute an abuse of discretion. In our view, the court acted within its discretion in imposing the condition.

### 7. "[T]he defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer."

Mr. Muñoz challenges this condition on two grounds:

1. If jailed, he might not be able to call his probation officer.

2. His probation officer might not be available during holidays and weekends.[14]

These arguments do not suggest an abuse of discretion.

This condition is recommended in the sentencing guidelines. U.S. Sentencing Guidelines Manual § 5D1.3(c)(11) (2014). The Second Circuit has called this condition a "'basic administrative requirement[]' that [is] 'necessary to supervised release.'" *United States v. Thomas*, 299 F.3d 150, 154 (2d Cir. 2002) (quoting *United States v. Truscello*, 168 F.3d 61, 63, 64 (2d Cir. 1999)).

Mr. Muñoz argues that circumstances may prevent him from complying. But a common-sense interpretation would prevent revocation if Mr. Muñoz were unable to notify the probation officer. *See United States v. Spencer*, 640 F.3d 513, 521 (2d Cir. 2011) ("A releasee cannot be imprisoned for failing to comply with an impossible condition."). As a

---

[14] Mr. Muñoz also argues for the first time that the condition is too vague. We address this argument above in Part I(A)(5).

result, the district court acted within its discretion when imposing this condition.

**8.    "[T]he defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."**

Mr. Muñoz argues that

- it would be impossible to avoid going where controlled substances are illegally used or distributed because drugs are "available . . . basically everywhere" and

- the condition, as written, is overbroad because it creates strict liability.[15]

We need not decide whether the condition would be overbroad if it were a strict liability condition because the condition does not impose strict liability. Two circuits have rejected this challenge. *United States v. Armour*, 804 F.3d 859, 868 (7th Cir. 2015); *United States v. Phillips*, 704 F.3d 754, 768 (9th Cir. 2012). For example, the Ninth Circuit explained:

> [A] reasonable person would understand that the prohibition on "frequent[ing] places" where illegal drugs are used or sold prohibits [the defendant] from *knowingly* going to a specific place where drugs are illegally used or sold, but that it does not prohibit him from living in Seattle or going to a given neighborhood simply because a person is selling drugs somewhere within that neighborhood.

*Phillips*, 704 F.3d at 768 (emphasis in original).

---

[15]    Mr. Muñoz also argues for the first time on appeal that the terms "frequent" and "place" are too vague. We address this argument above in Part I(A)(3) under the plain-error standard.

24

The most reasonable interpretation of the condition is that it prohibits Mr. Muñoz from going to places only if he knows that drugs are used or sold there. As a result, the district court acted within its discretion in imposing this condition.

## II. Procedural Challenges to the Standard Conditions

Mr. Muñoz also urges vacatur of the standard conditions on grounds that the district court (1) did not make any supportive findings and (2) erroneously thought it had to impose all of the standard conditions. We disagree.

The district court was not required to make specific findings for the standard conditions. "Our precedents unambiguously require supporting findings when courts impose special conditions of supervised release." *United States v. Burns*, 775 F.3d 1221, 1223 (10th Cir. 2014). But we held in *United States v. Martinez-Torres* that supportive findings are unnecessary when the conditions are standard:

> Before imposing the special condition, the district court needed to make an individualized assessment of whether it was appropriate for Defendant. We recognize that such an assessment is not always necessary before imposing a condition of supervised release. . . . When, however, neither the Sentencing Commission nor Congress has required or recommended a condition, we expect the sentencing court to provide a reasoned basis for applying the condition to the specific defendant before the court.[16]

---

[16] The Seventh Circuit's requirements are more stringent, requiring the "sentencing court [to] justify the conditions and the length of the term at

795 F.3d 1233, 1237 (10th Cir. 2015). There we explained that the standard conditions include those recommended under the guidelines. *Id.*

According to Mr. Muñoz, the district court should have made particularized findings when adopting the conditions recommended under the guidelines. But we held in *Martinez-Torres* that particularized findings are unnecessary for the conditions recommended under the guidelines. *Id.*

Mr. Muñoz also argues that the district court mistakenly thought our precedents required it to impose the standard conditions. We reject this argument.

Mr. Muñoz's argument is based on a single sentence by the district court: "I have followed my understanding of Tenth Circuit laws in imposing the conditions." R. vol. III, at 34. In context, however, the district court was apparently acknowledging that the Tenth Circuit had not yet addressed the need for particularized findings when imposing standard conditions. Based on the absence of precedent requiring particularized findings, the court deferred to the government's request to impose the

---

sentencing by an adequate statement of reasons, reasonably related to the applicable § 3553(a) factors." *United States v. Kappes*, 782 F.3d 828, 845 (7th Cir. 2015). But even the Seventh Circuit does not require the sentencing court to explain the reasons for every condition. *Id.* at 845-46.

26

standard conditions. But the court did not express a belief that these conditions were required.[17]

In these circumstances, we reject Mr. Muñoz's procedural challenges to the standard conditions.

## III. Disposition

We affirm.

---

[17] We have never discouraged district courts from individualizing or particularizing the standard conditions. In some circumstances, the parties' objections may justify modification to avoid uncertainty over a condition's reach or to fit the particular circumstances.