FILED
United States Court of Appeals
Tenth Circuit

May 11, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DONNIE WALDO, JR.,

    Defendant - Appellant.

No. 15-1281
(D.C. No. 1:14-CR-00471-RM-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **LUCERO**, and **McHUGH**, Circuit Judges.
_____

Donnie Waldo, Jr., pled guilty to one count of traveling in interstate commerce for the purpose of engaging in illicit sexual contact. 18 U.S.C. § 2423(b), (e). At sentencing, the district court imposed on Waldo the standard terms of supervised release of the U.S. District Court for the District of Colorado. Waldo now challenges three of the conditions as impermissibly vague: (1) a restriction on "excessive" drinking; (2) a requirement that he work "regularly"; and (3) a requirement that he "support his or her dependents and meet other family responsibilities." He did not challenge these requirements before the district court, but did timely appeal.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Waldo contends that each of the challenged conditions is so vague that he will be unsure what is required of him after his release from prison. A condition is vague if it fails to give "fair notice" of the conduct it proscribes. United States v. Foster, 754 F.3d 1186, 1193 (10th Cir. 2014). However, because Waldo did not raise these objections below, we review for plain error. United States v. Gonzalez-Huerta, 403 F.3d 727, 732 (10th Cir. 2005). Plain error occurs when there is: (1) error; (2) that is plain; (3) which affects substantial rights; and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. An error is "plain" if it is "clear or obvious." Morales–Fernandez v. INS, 418 F.3d 1116, 1124 (10th Cir. 2005).

Waldo's challenges fail. This court has now repeatedly rejected nearly identical challenges, making it impossible for any asserted error to be plain. In United States v. Muñoz, 812 F.3d 809 (10th Cir. 2016), a defendant challenged the standard conditions of supervised release imposed on him, including the provisions Waldo now challenges, as impermissibly vague. Id. at 813, 814, 818. We rejected Muñoz's challenges by "us[ing] common sense to guide our interpretation of supervised release conditions." Id. at 815. Applying a "common sense" interpretation, we held that imposing conditions mandating regular work and prohibiting excessive drinking did not constitute plain error. Id. at 813-15. We also rejected a challenge to the requirement that Muñoz "support his or her dependents and meet other family responsibilities" on the merits, as the court could reasonably conclude that the conditions gave fair notice of what was required, even assuming

2

"ambiguity in particular circumstances." Id. at 818-19. Similarly, in United States v. Llantada, 815 F.3d 679 (10th Cir. 2016), a defendant raised near identical challenges to the standard conditions challenged in this case. We rejected Llantada's challenges, noting that Muñoz controlled. Id. at 681-82.

In addressing Waldo's challenges, we are also bound by Muñoz's conclusions, precluding a determination that any asserted error is plain. Waldo concedes that this panel is bound by Muñoz as to the "regular work" requirement and we thus do not discuss it further. But Waldo notes that the panel in Muñoz rejected the challenge to the "excessive" alcohol prohibition not under the "plain" prong of the plain error test, but the "substantial rights" prong.[1] And Waldo also maintains that because he challenges a slightly different portion of the "family responsibilities" requirement (that he meet "other family responsibilities"), his argument is not foreclosed. Cf. United States v. Jimenez, No. 15-2076, 2016 WL 929680, at *1 n.1 (10th Cir. Mar. 11, 2016) (unpublished) (rejecting an argument identical to Waldo's assertion that the phrase "other family responsibilities" is vague, even though it "differs slightly from Muñoz's."). We are not persuaded.

Given our common sense reading of the conditions of supervised release, we are not convinced that imposition of the remaining conditions constitutes error that is plain. While the exact contours of what these conditions require are not defined, we do not require exacting precision in conditions of supervised release. In determining

---

[1] Because Muñoz was entirely prohibited from drinking alcohol, any ambiguity in the word "excessive" could not affect his substantial rights. Muñoz, 812 F.3d at 814.

3

whether the conditions are unconstitutionally vague, we only require that they do not "impermissibly delegate[] basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application." Bushco v. Shurtleff, 729 F.3d 1294, 1308 (10th Cir. 2013). A commonsense and reasonable interpretation of these requirements does not give rise to impermissibly vague restrictions on Waldo: "[n]either [Waldo] nor his parole officer would have trouble understanding and applying these conditions in a real world setting." Llantada, 815 F.3d at 682.

Because we are bound by Muñoz, and because the slight modifications Waldo has made to the challenges raised in previous cases are unconvincing, we **AFFIRM** the district court's imposition of the standard conditions of supervised release.

Entered for the Court


Carlos F. Lucero
Circuit Judge