**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 6, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ROYCE E. MORITZ,

    Defendant - Appellant.

No. 15-8115
(D.C. No. 2:14-CR-00101-SWS-5)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MURPHY**, and **PHILLIPS**, Circuit Judges.
_____

Defendant, Royce E. Moritz pleaded guilty to conspiring to possess with intent to distribute methamphetamine and to conspiring to launder money. The district court sentenced Moritz to 120 months' imprisonment, followed by five years of supervised release. This appeal concerns Moritz's challenge to a special condition of his supervised release prohibiting him from using or possessing either alcohol or

---

[*] After examining the briefs and appellate record, this panel has unanimously determined to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). Defendant's Unopposed Motion to Submit Case for Decision on the Briefs is granted and the case is submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

intoxicants. In view of Moritz's addiction history, and recognizing that district courts have broad discretion in this area, we affirm.

## BACKGROUND

In his "Unopposed Motion for Modification of Supervised Release Conditions" (Motion), Moritz asked the district court to strike this special condition of supervised release:

> The defendant shall refrain from any use or possession of alcohol and/or other intoxicants including over the counter medications used contrary to the recommended dosage, or the intentional inhalation of any substance, prescribed or otherwise, without the permission of the U.S. Probation officer. Additionally, the defendant shall not enter establishments whose primary income is derived from the sale of alcohol.

R. vol. 2 at 19. The district court denied Moritz's motion because the "condition is needed given [Moritz's] prior alcohol abuse problems." R. vol. 1 at 58.

As support for finding that Moritz had abused alcohol, the district court relied on information contained in the Presentence Report (PSR), including Moritz himself acknowledging that he is an alcoholic. In addition, the PSR described Moritz's two DUI convictions. The PSR also detailed Moritz's history of methamphetamine and marijuana abuse. Included were Moritz's convictions for possessing marijuana and a controlled substance. Based on Moritz's history of drug abuse, the district court recommended placement in the Bureau of Prisons Residential Drug Abuse Program (RDAP).

On appeal, Moritz first argues the district court abused its discretion by imposing this special condition of supervised release. He argues that the special

2

condition is unnecessary given the other conditions of his supervised release. Second, Moritz argues the special condition is unreasonably broad and vague because it could potentially prohibit his possession and use of legal household products.

## STANDARD OF REVIEW

We review the district court's denial of defendant's Motion for an abuse of discretion. *United States v. Lonjose*, 663 F.3d 1292, 1302 (10th Cir. 2011); *United States v. Pugliese*, 960 F.2d 913, 915 (10th Cir. 1992). A district court abuses its discretion when it renders a judgment that is "arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Landers*, 564 F.3d 1217, 1224 (10th Cir. 2009) (quoting *United States v. Munoz-Nava*, 524 F.3d 1137, 1146 (10th Cir. 2008)). We give substantial deference to the district court's sentence. *Landers*, 897 F.3d at 1224.

## DISCUSSION

For two reasons, the district court did not abuse its discretion by denying Moritz's motion to modify the special conditions. First, the district court's denial wasn't arbitrary, capricious, whimsical, or manifestly unreasonable. Second, the prohibition on intoxicants isn't unreasonably vague or broad. *See United States v. Munoz*, 812 F.3d 809, 815 (10th Cir. 2016) (holding that the terms intoxicants and alcohol were not unreasonably vague). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's denial of Moritz's Motion.

1. <u>The district court acted within its discretion by refusing to modify the special condition.</u>

District courts have broad discretion to impose special conditions of supervised release. *United States v. Bear*, 769 F.3d 1221, 1226 (10th Cir. 2014). "The limits of that discretion are prescribed by 18 U.S.C. § 3583(d)." *Id.* That section requires that conditions

> (1) be reasonably related to the nature and circumstances of the offense, the defendant's history and character, the deterrence of the criminal conduct, the protection of the public from future crimes of the defendant, or the defendant's educational, vocational, medical, or other correctional needs; (2) involve no greater deprivation of liberty than is reasonably necessary to achieve the purpose of deterring criminal activity, protecting the public, and promoting the defendant's rehabilitation; and (3) be consistent with any pertinent policy statements issued by the Sentencing Commission.

*Id.*

Here, applying § 3583(d), the district court justified the special condition by citing to Moritz's character and his history of alcohol abuse. Continuing to follow the factors the statute requires heeded, the court concluded that the special condition was needed to protect the public and promote Moritz's rehabilitation. Finally, the court didn't conclude (and Moritz doesn't argue otherwise) that the special provision is inconsistent with any pertinent policy statements issued by the Sentencing Commission.

Since the district court based its decision on its individualized assessment of Moritz, its decision wasn't arbitrary, capricious, whimsical, or manifestly

4

unreasonable. Therefore, the district court acted within its discretion in denying Moritz's motion to modify this special condition.

### 2. The special condition is not vague or overly broad.

Moritz argues that this special condition is vague and overly broad because it could prohibit his use and possession of ordinary household products containing alcohol, including dishwasher detergent, hand sanitizer, toothpaste, and aftershave. Along this same line, Moritz argues that nothing explains why he needs to obtain a probation officer's approval before purchasing or using these household items.

In *United States v. Munoz*, 812 F.3d at 815, we addressed a challenge to a similar special condition, and we affirmed the district court's special condition. There, the special condition required that the "defendant must refrain from the use and possession of alcohol and other forms of intoxicants." *Id*. at 814. The defendant argued that the words alcohol and intoxicants "are vague because they could include over-the-counter medications, vanilla extract, rubbing alcohol, coffee, cigarettes, sugar, and chocolate." *Id.* at 815. We rejected this argument, observing that "no federal appeals court has invalidated a supervised release condition prohibiting the consumption of alcohol or intoxicants."[1] *Id.* We concluded that "[w]ith the gloss of common sense, the condition was not too vague." *Id.*

---

[1] Other courts frequently impose this condition and courts have routinely upheld nearly identical special conditions. *See e.g. United States v. Mason*, 626 Fed. Appx. 473, 474-75 (5th Cir. 2015) (unpublished) (affirming district courts imposition of restriction prohibiting "use of alcohol and all other intoxicants".); *United States v. Schave*, 186 F.3d 839, 842-43 (7th Cir. 1999) ("While a restriction simply on excessive use of alcohol may have been sufficient to achieve these aims, we cannot

5

As in *Munoz*, we must use common sense to guide our interpretation of supervised release conditions. 812 F.3d at 815; *see United States v. Mike*, 632 F.3d 686, 701 (10th Cir. 2011) (opting for a "commonsense" interpretation of release conditions over an interpretation that is "overly technical"). When common sense is applied to the special condition, the prohibition on possession or use of alcohol or other intoxicants isn't unreasonably vague or overly broad. Thus, we reject Moritz's challenges to this special condition.

## CONCLUSION

The district court acted within its discretion when it denied Moritz's motion for modification of supervised release conditions. We affirm the district court's Order denying modification of the conditions of supervised release.

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

conclude that the district court, on the facts before it, abused its discretion in concluding that an additional restriction banning all alcohol use was reasonably necessary.").