**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 29, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ARNOLD A. CARY,

      Plaintiff - Appellant,

v.

JOHN HICKENLOOPER, Governor, State
of Colorado; TOM CLEMENTS,
Executive Director, CDOC; REA TIMME,
Warden, CTCF; DAVID TESSLER,
Health Services Administrator, CTCF;
SUSAN M. TIONA, M.D., Health Services
Physician, CTCF; JOHN V.
BUGLEWICZ, M.D., Health Services
Physician, CTCF and Fremont County
Commissioner; LINSEY FISH DEPENA,
M.D., Former Health Services Physician;
MIKE STIEHL, Fremont County
Commissioner; ALANO MAYES, City
Attorney, Canon City; RODNEY ACHEN,
CTCF, Food Services Captain; RONALD
WILLIAMS, Lieutenant, CTCF;
CHRISTINA TURNER, Sergeant, CTCF;
ROBERT BURNS, Correctional Officer,
CTCF; DANIEL BRATINA, Correctional
Officer, CTCF; RENA WOOD, Sergeant,
BVCF; GENEA WOODS, Sergeant,
BVCF; JOHN DOE #1, President, J-Cor
Mechanical; JOHN DOE #2, President,
Mountain Masonry; JOHN DOE #3,
Warden, BVCF,

      Defendants - Appellees.

No. 15-1474
(D.C. No. 1:12-CV-02072-RM-KLM)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HARTZ**, and **PHILLIPS**, Circuit Judges.
_____

Arnold A. Cary, a pro se Colorado inmate, complains that he was exposed to contaminated drinking water and other toxic conditions while confined at the Colorado Territorial Correctional Facility (CTCF). In his second amended prisoner complaint (the Complaint), brought under 42 U.S.C. § 1983, he alleged that state officials violated the Eighth Amendment because they knew of the unconstitutional conditions and were deliberately indifferent to the risk they posed and because they denied him appropriate medical care for health problems that developed as the result of the toxic conditions. The district court dismissed all defendants except Rodney Achen, granted summary judgment in favor of Achen, and dismissed the action. Mr. Cary appeals. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. ANALYSIS

We review the district court's dismissal under Rule 12(b)(6) de novo, assuming the truth of the well-pleaded factual allegations in the complaint and asking whether the plaintiff has stated a facially plausible claim for relief. _See George v._

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*Urban Settlement Servs.*, 833 F.3d 1242, 1247 (10th Cir. 2016). Because the defendants raised the defense of qualified immunity, Mr. Cary "bears a heavy two-part burden" to show both that the defendants' actions violated a constitutional or statutory right and that the right was clearly established. *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014) (internal quotation marks omitted). "[A] right is clearly established [when] it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* (internal quotation marks omitted).

"Because [Mr. Cary] is pro se, we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). He does not specifically dispute the district court's dismissal of his official-capacity claims under the Eleventh Amendment or the dismissal of his declaratory and injunctive claims as moot. Nor does he challenge the dismissal of defendant DePena for lack of service. We turn to his claims for damages.

### A. Conditions of Confinement

The Complaint's first claim alleges dangerous exposure to toxic waste from a Superfund site near CTCF. A prison official's deliberate indifference to an inmate's safety may violate the Eighth Amendment's ban on cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To survive a motion to dismiss, the inmate must allege both the objective and subjective components of his claim. To satisfy the objective element, the alleged deprivation must be "sufficiently serious"; that is, it must expose the inmate to a "substantial risk of serious harm." *Id.* (internal quotation marks omitted). To satisfy the subjective element, the prison official must

3

have acted with deliberate indifference to the inmate's health or safety; the official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

The district court ruled that the Complaint was "devoid of any factual allegations to show that the Defendants had actual knowledge that the drinking water at CTCF or any toxins in the air emitting from the Superfund site posed a serious risk of harm to Mr. Cary's health," and that his first claim therefore failed to meet the subjective test for a deliberate-indifference claim. *Cary v. Hickenlooper*, No. 1:12-cv-02072-RM-KLM, slip op. at 6 (D. Colo. Mar. 21, 2013), ECF No. 22. We agree. Although the Complaint describes at length the dangers posed by toxins emitted by the Cotter Mill Superfund site, it contains only conclusory and generalized allegations concerning the defendants' knowledge of the alleged pollution, and it insufficiently alleges their awareness of facts from which the inference could be drawn that they knew Mr. Cary faced a substantial risk of serious harm. "[T]he Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context." *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009). The district court properly dismissed the first claim.

## B. Medical-Treatment Claim

The Complaint's second claim alleges that Mr. Cary was denied adequate medical care. A prison official can incur personal liability for deliberate indifference to an inmate's serious medical needs. *See Sealock v. Colorado*, 218 F.3d 1205, 1209

4

(10th Cir. 2000).  As in the case of a serious risk to inmate safety, in the medical context "[d]eliberate indifference involves both an objective and subjective component.  The objective component is met if the deprivation is sufficiently serious. . . . The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety."  *Id.* (internal quotation marks omitted).

Mr. Cary alleges that he has suffered injury from radiation poisoning to his "Hematopietic, Nervous, Cardiovascular, Pulmonary, Gastrointestinal, Urogenital, and Endocrine System[s]."  R., Vol. 1 at 58, ¶ 3.  But he admits that he received treatment for these conditions, including intramuscular injections of vitamin B12; hospitalization, a diagnostic colonoscopy, and a blood transfusion; an additional hospitalization, with a CT scan and gallbladder removal; a CT scan for a kidney cyst; an anti-inflammatory steroidal preparation for a fungal skin infection; and oxygen therapy and nebulizer treatments.  His conclusory statement that he has been denied "appropriate medical care" is insufficient to show deliberate indifference by the administrative and medical personnel named in this claim.  Though he may believe the treatment was insufficient or improper, his disagreement does not support liability under § 1983.  *See Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 811 (10th Cir. 1999) ("[A] prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation.").  He has failed to assert facts that

plausibly show that the defendants were deliberately indifferent to his serious medical needs. The district court correctly dismissed this claim.[1]

## C. Third Claim for Relief

The Complaint's third claim alleges that the prison facility itself is obsolete and posed health risks, particularly from asbestos, and that the food supply was contaminated. The district court dismissed some defendants because they were not state actors and dismissed others because the allegations did not support a claim of deliberate indifference. It then granted summary judgment to defendant Achen for failure to exhaust administrative remedies. Mr. Cary does not challenge on appeal the district court's grounds for dismissing this claim.[2] Thus, he has waived any argument against the dismissal and grant of summary judgment. *See, e.g.*, *United States v. Munoz*, 812 F.3d 809, 822 n.12 (10th Cir. 2016) (inadequately developed appellate arguments are waived).

---

[1] The Complaint included allegations that some of the defendants denied Mr. Cary bottled oxygen. But he does not address this component of his claim in his brief on appeal, so we do not consider it.

[2] At the end of his opening brief, Mr. Cary makes an argument that his third claim should not have been dismissed because he sufficiently alleged that the defendants had denied his right of access to the courts. But his third claim in this case (unlike his third claim in Appeal No. 15-1348) was not an access-to-the-courts claim, so this argument is misplaced.

## II. CONCLUSION

We affirm the challenged orders of the district court.

Entered for the Court


Harris L Hartz
Circuit Judge