TYMKOVICH, Chief Judge.
Most federal criminal sentences require prisoners to comply with various limitations on their conduct and behavior as a condition of release from prison. Typical conditions, for example, prohibit parolees from abusing alcohol or drugs, or associating with felons. We recently held that the district court does not err when it imposes conditions of release of this sort. United States v. Muñoz, 812 F.3d. 809, 815-16, 2016 WL 502863, at *3 (10th Cir.2016). Our decision in Muñoz resolves most of the challenges to the special conditions imposed in this case. But Llantada also challenges on vagueness grounds several of the special conditions imposed on him and not considered in Muñoz.
We AFFIRM the district court’s sentence. The conditions of supervised release imposed here are sufficiently clear to inform a parolee of what conduct will result in a return to prison.
I. Analysis
Llantada pleaded guilty to charges arising from a drug conspiracy in 2014. The district court sentenced him to 168 months’ imprisonment, followed by terms of supervised release ranging from one to five years, and imposed a number of special conditions that will apply when he is released from prison. He challenges those conditions on vagueness grounds. He also challenges the district court’s refusal to award him a sentence reduction because of his relatively minor role in the conspiracy.

A. Conditions of Supervised Release

Llantada first challenges the twelve conditions of supervised release imposed by the district court. These conditions were nearly all standard conditions of supervised release typically imposed at sentencing. 18 U.S.C. § 3563. The language of the conditions was drawn, often nearly verbatim, from the federal sentencing statute. See id. Some of Llantada’s arguments are identical to those presented in Muñoz and are controlled by that decision. To the extent his arguments differ from those presented in Muñoz, we address them below.
1. Arguments Addressed in Muñoz
Several of Llantada’s arguments were addressed in Muñoz. First, Muñoz found that the district court does not abuse its discretion when it imposes standard conditions of release without making particular *682 ized findings. “[W]e held in United States v. Martinez-Torres that supportive findings are unnecessary when the conditions are standard.... There we explained that the standard conditions include those recommended under the guidelines.” Munoz, 812 F.3d at 823, 2016 WL 502863, at *10 (citing United States v. Martinez-Torres, 795 F.3d 1233, 1237 (10th Cir.2015)).
Muñoz also addressed several of the specific conditions that Llantada claims are vague or substantively unreasonable. These include the following:
(1) “The defendant shall answer truthfully all inquiries by the probation officer and follow the instruction of the probation officer”;
(2) “The defendant shall support his or her dependents and meet other family responsibilities”;
(3) “The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons”;
(4) “The defendant shall notify the probation officer at least ten days prior to any change in residence or employment”;
(5) conditions related to alcohol use; and
(6) conditions related to searches conducted by the probation officer.
According to Muñoz, we apply a common sense, non-technical reading to these conditions of release. See id. at 815, 2016 WL 502863, at *3 (“In our view, the district court did not err, for we use common sense to guide our interpretation of supervised release conditions.”). Neither a parolee nor his parole officer would have trouble understanding and applying these conditions in a real world setting.
In addition to those conditions, Muñoz also partially addressed three more of the conditions that Llantada challenges:
(1) “The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered”;
(2) “The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer”; and
(3) “The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.”
Muñoz did not address vagueness challenges to these three conditions, but found them adequate in all other respects. In sum, Muñoz held that most of the conditions challenged by Llantada are not erroneous or unlawful under circuit precedent.
2. Vagueness and Other Arguments Not Addressed in Muñoz
Several of Llantada’s arguments were not directly addressed by Muñoz, and we consider them here.[1]

a. “The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.”

Llantada argues that this condition is vague because several of its terms, such as “law enforcement officer” or “questioned,” are undefined. But as Mu- *683 ñoz discussed, “we use common sense to guide our interpretation of supervised release conditions.” Id. at 815, 2016 WL 502863, at *3 (citing United States v. Mike, 632 F.3d 686, 701 (10th Cir.2011), cert. denied, — U.S. -, 135 S.Ct. 2891, 192 L.Ed.2d 930 (2015)). Penal statutes, including conditions of supervised release, must be written so that “ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.” United States v. Corrow, 119 F.3d 796, 802 (10th Cir.1997) (quoting Kolender v. Lawson, 461 U.S. 352, 357, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983)); see also Grayned v. City of Rockford, 408 U.S. 104, 108, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972) (“[W]e insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly”). Under a commonsense reading, the district court did not abuse its discretion in imposing this condition. “Law enforcement officer” and “questioned” are common terms understood by the general population, and we presume that in Llantada’s future, probation officers and judges will heed our directive to apply the conditions of supervised release in a commonsense manner, rather than a technical one. See Mike, 632 F.3d at 701. So, for example, if a parking meter attendant asks Llantada for the time, this would not qualify as “being questioned” by a “law enforcement officer” under a commonsense understanding of the condition.
The condition is not vague and the district court did not abuse its discretion in making it a term of Llantada’s sentence.

b. “The defendant shall not leave the judicial district without the permission of the court or probation officer. ”

Llantada next argues that this restriction violates his right to travel and is unnecessary. In addition, he argues the district court should have made particularized findings before imposing this condition. The condition, however, is recommended by the sentencing statute. See 18 U.S.C. § 3563(b)(13) (“The court may provide that ... the defendant .’.. reside in a specified place or area,, or refrain from residing in a specified place or area[.]”).
As Muñoz found, conditions recommended by the sentencing statute or Guidelines need not be accompanied by particularized findings. 812 F.3d at 823-24, 2016 WL 502863, at *10. And we reject his argument that the condition is an unreasonable or unnecessary limitation on his right to travel. Llantada points to no federal case with such a holding, and the government provides ample reasons for limiting a person on supervised release to a single judicial district. For example, probation officers have an easier time contacting and speaking with an offender if he is limited to a single area. In addition, such a restriction acts as a deterrent to criminal conduct, which comports with the policy'goals of federal sentencing law. See 18 U.S.C. § 3553(a)(2)(B). Finally, the restriction can be lifted by a parole officer upon request by the parolee.
The condition is not unreasonable and the district court did not abuse its discretion.

c. “The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.”

This condition also appears in the federal sentencing- statute. See 18 U.S.C. § 3563(b)(15). Llantada contends that this condition is vague because “manner” and “frequency” are not defined. This could *684 result, he claims, in a probation officer requiring multiple daily visits. But Llan-tada unsurprisingly points to no federal case finding this condition vague or inadequate as a matter of law. Again, under a commonsense understanding of the condition, the probation officer could require visits only as they were necessary. Some offenders may require more frequent visitation than others. The condition allows probation officers, tasked with maintaining the public’s safety, the leeway necessary to better accomplish this goal.
We reject Llantada’s challenge to this standard condition.

d.Condition relating to the defendant’s participation in a substance abuse treatment program.

Llantada claims this condition is invalid because he may not be able to pay for such a treatment program. A similar argument was presented and rejected in Muñoz. There the defendant alleged a child support payment requirement was inadequate because he might not be able to pay child support. We stated that “[mjany conditions might be reasonable but impossible to perform in given circumstances,” but that this fact did not “prevent entry of an order”' requiring such tasks be completed upon release. 812 F.3d at 819, 2016 WL 502863, at *6. A probation officer might reasonably excuse such a requirement if its completion is not possible.. The district court did not abuse its discretion in requiring that Llantada complete a substance abuse program.

e.“The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.”

Muñoz rejected a challenge to this condition, but did not address a vagueness challenge under the abuse of discretion standard. 812 F.3d at 822-24, 2016 WL 502863, at *9-10. As we recognized, this condition is taken, almost verbatim, from the U.S. Sentencing Guidelines Manual. Id.; see also 18 U.S.C. § 3563. We explicitly rejected Munoz’s challenge that the condition created strict liability. Muñoz, 812 F.3d at 823, 2016 WL 502863, at *9-10 (“The most reasonable interpretation of the condition is that it prohibits Mr. Mu-ñoz from going to places only if he knows that drugs are used or sold there.”). So all that remains is Llantada’s vagueness challenge: that “frequent” and “place” are undefined and thus inadequate as a matter of law. We, again, reject this type of literal reading of the condition under our Mike standard. The probation officer, and any judges tasked with deciding whether Llantada violated the condition, must interpret the condition in a reasonable, commonsense manner. We have little doubt that the condition allows for reasonable interpretation and enforcement.
There was no abuse of discretion.

f.“The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer. ”

Finally, Llantada contends that this condition is vague and also infringes on his constitutionally protected associational rights. He points to a case in the Seventh Circuit, which recently vacated this condition on vagueness grounds, finding the offender could have no way of knowing if someone he was associating with was a felon or not. United States v. Thompson, 777 F.3d 368, 376-77 (7th Cir.2015) (“How would the defendant know whether someone he was associating with had ever been convicted of a felony? ... *685 [T]he condition appears to impose strict liability.”). We reject this challenge because under our commonsense reading of the condition, strict liability is not imposed. Cf. Muñoz, 812 F.3d at 822-24, 2016 WL 502863, at *9-10. The most reasonable interpretation of the condition is that it prohibits associating only with those people Llantada knows to be felons.
In Muñoz, we rejected the defendant’s associational rights challenge because he failed to allege any family members were felons. See 812 F.3d at 820, 2016 WL 502863, at *7 (“But Mr. Muñoz has not alleged that he has any family members with felony convictions. In the absence of such an allegation, the district court acted within its discretion in imposing the condition.” (footnote omitted)). Here, Llanta-da’s brother was also convicted for his involvement in the drug conspiracy, and Llantada specifically alleges as much. But, as the government points out, Llanta-da’s probation officer may allow contact with Llantada’s brother if he deems it appropriate; the condition is not a blanket ban. If such contact is prohibited, Llanta-da may then bring a challenge asserting his constitutional rights. Cf. id. at 817-18, 2016 WL 502863, at *5.
In addition, even were we to scrutinize the condition more closely — as we have done with conditions restricting access to one’s own children — we find the restriction is justified under the record. See United States v. Bear, 769 F.3d 1221, 1229 (10th Cir.2014) (“[SJpecial conditions that interfere with the right of familial association can do so onty in compelling circumstances and it is imperative that any such restriction be especially fine-tuned to achieve the statutory purposes of sentencing.”) (citations and internal quotation marks omitted). In Llantada’s case, there is evidence that association with his brother might lead him to commit further crimes. Namely, that he induced his brother to join the drug conspiracy in the first place. This “achieve[s] the statutory purposes of sentencing.” Id.

B. Mitigating Role Adjustment

Llantada also challenges the district court’s failure to grant his request for a mitigating role adjustment. We review for clear error. See United States v. Chavez, 229 F.3d 946, 956 (10th Cir.2000) (“We review for clear error the district court’s factual findings supporting the application of a particular sentencing guidelines provision and its legal conclusions de novo.”).
He argues that because he was only a middleman in the drug conspiracy, the district court clearly erred in failing to provide for a mitigating role adjustment. The mitigating role adjustment provides “a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant.” USSG § 3B1.2 cmt. application note 3(A). But we have emphasized that “a defendant is not necessarily entitled to a sentence reduction under § 3B1.2 solely because he can show that he was a middleman.” United States v. Onheiber, 173 F.3d 1254, 1258 (10th Cir.1999). Here, the court found that Llantada’s conduct warranted an aggravating role adjustment, finding that he had the authority to negotiate a price for the drugs.
In sum, Llantada fails to show the district court committed clear error here in denying him the mitigating role adjustment.
II. Conclusion
We AFFIRM the district court’s sentence.

. The defendant in Muñoz did not raise several of his challenges in the district court. So the panel reviewed those arguments only for plain error. Because Llantada presented all of his arguments to the district court, we review them for abuse of discretion. Thus, Muñoz did not completely address all of Llan-tada’s arguments under the abuse of discretion and clear error standards of review we must apply here.