**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 11, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HECTOR HUGO ACOSTA JIMENEZ,

Defendant - Appellant.

No. 15-2076
(D.C. No. 5:14-CR-00820-KG-1)
D. of N.M.

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Chief Judge, **BRISCOE**, and **MATHESON**, Circuit
Judges.

Hector Hugo Acosta Jimenez was convicted of bulk cash smuggling and

sentenced to probation. The district court also imposed numerous conditions of

supervised release. Jimenez challenges the conditions on several grounds. We

have recently rejected similar challenges to conditions of supervised release and

therefore AFFIRM.

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Jimenez first claims that the district court erred when it imposed the conditions of supervised release without making particularized findings. But we rejected this exact argument in two recent cases arising from the imposition of nearly the same set of conditions in the same judicial district. *See United States v. Muñoz*, ___ F.3d ___, No. 15–2048, 2016 WL 502863 (10th Cir. Feb. 9, 2016); *United States v. Llantada*, ___ F.3d ___, No. 15–2082, 2016 WL 873384 (10th Cir. Mar. 8, 2016). Because most of the imposed conditions are standard conditions, we do not require any particularized findings, and the district court did not err. The government concedes that some of the conditions were special, not standard. But Jimenez failed to raise this specific challenge in the district court, nor has he argued for plain error on appeal. We thus refuse to consider this procedural argument. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130–31 (10th Cir. 2011). Even were we to consider the argument, we do not believe Jimenez's arguments can meet the plain error test here.

Jimenez next challenges specific conditions as substantively unreasonable, vague, or both. These challenges, too, were considered and denied in *Muñoz* and *Llantada*. For example, Jimenez challenges the condition requiring him to answer truthfully any inquiries posed by the probation officer. We upheld this condition in *Muñoz* and are bound by that decision. The same can be said for each of Jimenez's arguments save one. *See Muñoz*, ___ F.3d at ___, No. 15–2048, 2016 WL 502863, at *4–5 (answer all inquiries truthfully); *Muñoz*, ___ F.3d at ___,

No. 15–2048, 2016 WL 502863, at *5–6 (support dependents and other family requirements)[1]; *Muñoz*, ___ F.3d at ___, No. 15–2048, 2016 WL 502863, at *6 (work regularly); *Muñoz*, ___ F.3d at ___, No. 15–2048, 2016 WL 502863, at *6–7 (provide ten days' notice prior to any change in residence or employment); *Muñoz*, ___ F.3d at ___, No. 15–2048, 2016 WL 502863, at *8–9 (allowing visits by probation officer and confiscation of any contraband in plain view); *Muñoz*, ___ F.3d at ___, No. 15–2048, 2016 WL 502863, at *9–10 (do not frequent places where controlled substances are sold or used); *Llantada*, ___ F.3d at ___, No. 15–2082, 2016 WL 873384, at *2–3 (notify probation officer within seventy-two hours of being questioned by a law enforcement officer); *Llantada*, ___ F.3d at ___, No. 15–2082, 2016 WL 873384, at *4–5 (shall not associate with any persons engaged in criminal activity or felons); *Muñoz*, ___ F.3d at ___, No. 15–2048, 2016 WL 502863, at *2–3 (conditions related to alcohol use).

The only condition not addressed by either of our two prior cases is a condition that prohibits contact with gang members.  Jimenez argues this imposes strict liability and violates his constitutional right to association.  First, we have generally rejected associational limitations as imposing strict liability.  *See Muñoz*, ___ F.3d at ___, No. 15–2048, 2016 WL 502863, at *9–10.  Like other

---

[1]  We acknowledge Jimenez's challenge to this conditions differs slightly from Muñoz's in that Jimenez specifically challenges the phrase "meet other family responsibilities."  We do not believe this argument is any more persuasive than Muñoz's because this phrase is not impermissibly vague.

associational conditions we have analyzed, the most reasonable interpretation of the gang member condition is that it only prohibits contact with those whom Jimenez knows are gang members. And we rejected a similar argument regarding associational rights in *Muñoz* because the defendant failed to specifically allege any family members were actually members of the prohibited class. *See id.* at ___, No. 15–2048, 2016 WL 502863, at *7. Because Jimenez has not alleged any family members are gang members he cannot succeed on his claim.

The district court did not err in imposing the conditions of supervised release. We AFFIRM.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Chief Judge