NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1496
_____

UNITED STATES OF AMERICA
v.

SOULEMANE BARRY,
                    Appellant
_____


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 2-14-cr-00272-002
District Judge: The Honorable Timothy J. Savage

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 10, 2018

Before: SMITH, *Chief Judge*, McKEE, and FISHER, *Circuit Judges*

(Filed: December 24, 2018)
_____

OPINION[*]
_____


SMITH, *Chief Judge*.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

After Soulemane Barry had his supervised release revoked, the District Court reimposed supervised-release conditions requiring that he "not frequent places where controlled substances are illegally sold [or] used" and not "associate" with criminals. On appeal, Barry raises for the first time his contention that these two conditions are unconstitutionally vague and bolsters his argument with Seventh Circuit decisions reaching the same conclusion. But this Court has held that association supervised-release conditions are constitutional, and the Ninth and Tenth Circuits have held that both conditions are constitutional. Because of the circuit split, any mistake by the District Court in imposing either condition is not plain error. We will therefore affirm.[1]

## I.

For about two years, Barry used fraudulent credit cards, debit cards, and gift cards to make retail purchases. After getting caught, he pleaded guilty to using and attempting to use "counterfeit access devices" in violation of 18 U.S.C. § 1029(a)(1), (b)(1), possessing 15 or more counterfeit access devices in violation of 18 U.S.C. § 1029(a)(3), and conspiring to commit access device fraud in violation of 18 U.S.C. § 371. The District Court sentenced Barry to no prison time and five years' supervised release. Among the supervised-release conditions imposed, the Court required that Barry (1) "not frequent places where controlled substances are illegally sold, used, distributed, or administered" and (2) "not associate with any persons engaged in criminal activity" or "with any persons convicted of a felony" without his probation officer's permission.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. *See United States v. Loy*, 237

Roughly two and a half years later, the District Court revoked Barry's supervised release. (He had stabbed two people, travelled outside of the Eastern District of Pennsylvania without permission, used controlled substances, stopped attending a drug-treatment program, and did not report to his probation officer as directed.) The District Court imposed 14 months' imprisonment, two years' supervised release, and the "same" conditions it had previously imposed. Barry did not challenge the controlled-substance or association supervised-release conditions in the District Court.

## II.

On appeal, Barry argues that the District Court committed plain error by imposing the controlled-substance and association conditions because they are unconstitutionally vague. A supervised-release condition is unconstitutionally vague "if it either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." *United States v. Maloney*, 513 F.3d 350, 357 (3d Cir. 2008) (internal quotation marks and citation omitted). And under plain-error review, Barry must show that (1) an error occurred; (2) the error is "obvious"; and (3) the error "affected the outcome of the district court proceedings." *United States v. Olano*, 507 U.S. 725, 732–34 (1993). If Barry makes these showings, we exercise our discretion to award relief when the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* at 736 (internal quotation marks and citation omitted). Because an unconstitutionally vague condition would have affected the outcome of the District Court proceedings, the parties

F.3d 251, 255 (3d Cir. 2001).                    3

dispute only whether the controlled-substance and association conditions are void for vagueness and whether this error is obvious.

Barry argues that the controlled-substance condition is unconstitutionally vague because this condition neither specifies how many trips result in "frequent[ing]" sites of drug activity, nor does it clarify whether Barry must knowingly be in such a place to violate it. In support Barry points to Seventh Circuit decisions holding that the controlled-substance condition is unconstitutionally vague for the reasons he identifies. *See United States v. Kappes*, 782 F.3d 828, 848–49 (7th Cir. 2015); *United States v. Thompson*, 777 F.3d 368, 379 (7th Cir. 2015). Barry also emphasizes that before the District Court revoked his supervised release in 2018, the Sentencing Commission eliminated the controlled-substance condition from its list of standard conditions because it concluded that the controlled-substance condition was "encompassed by" the association condition. U.S. Sentencing Guidelines Manual app. C, amend. 803 (U.S. Sentencing Comm'n 2016). Because the Seventh Circuit and the Sentencing Commission have "rejected" the controlled-substance condition, Barry contends that the District Court plainly erred by imposing it.

Courts of appeals are split on whether the controlled-substance condition is unconstitutionally vague. Diverging from the Seventh Circuit's position, the Ninth and Tenth Circuits have ruled that the controlled-substance condition is not unconstitutionally vague, reasoning that "commonsense" dictates that this condition has a knowledge requirement and is readily understood. *United States v. Llantada*, 815 F.3d 679, 684 (10th Cir. 2016); *United States v. Phillips*, 704 F.3d 754, 767–68 (9th Cir. 2012). The

4

existence of this circuit split is evidence that reasonable minds may differ as to this condition's meaning and application and that this condition may be unconstitutionally vague. But the existence of the circuit split also demonstrates that any mistake by the District Court in imposing this condition is not plain error. When a District Court rules on a sentencing issue in the same way as an out-of-circuit court of appeals (assuming this Court has not ruled on the issue), any mistake by the District Court is not plain error. *See United States v. Cruz*, 757 F.3d 372, 387 n.11 (3d Cir. 2014).

Barry makes a similar argument in asserting that the association condition is also unconstitutionally vague. He asserts that this condition impermissibly fails to clarify whether, to violate it, a defendant must know he is associating with a felon or other criminal; he says this condition could be reasonably interpreted as a strict-liability rule. He adds that the term "associate" is vague because it does not put defendants on notice of the number of meetings required to constitute a violation. He bolsters his argument by underscoring the Seventh Circuit's holding that the association condition is unconstitutional for the reasons he highlights and the Sentencing Commission's elimination of "associate" from its proposed rewording of this condition. *See Kappes*, 782 F.3d at 848–49; *Thompson*, 777 F.3d at 377; U.S.S.G., app. C, amend. 803.

Although this Court has not directly ruled on the constitutionality of Barry's association condition, we have held that "associational conditions" are not unconstitutionally vague because "it is well established that [they] … do not extend to casual or chance meetings." *United States v. Loy*, 237 F.3d 251, 268–69 (3d Cir. 2001). Because "chance meetings" do not violate association conditions, we have effectively

5

explained that Barry's association condition has a knowledge requirement. Moreover, in *Loy*, we declared that a defendant violates an association condition by "deliberately seek[ing]" contact with the prohibited group, *id.* at 269, indicating that one meeting can be enough to violate this condition. Finally, even if we ruled that the association condition is unconstitutionally vague, the District Court's decision to impose it is not plain error because several circuits have held this condition to be constitutional. *See Llantada*, 815 F.3d at 684–85; *United States v. King*, 608 F.3d 1122, 1128–29 (9th Cir. 2010); *see also Cruz*, 757 F.3d at 387 n.11.

### III.

Because the District Court did not commit plain error by imposing either the controlled-substance or association conditions, we will affirm the order. We recognize, however, given the split of authority we have discussed, that Barry's concerns regarding these conditions are not unwarranted. We therefore encourage the District Court to consider exercising its authority under 18 U.S.C. § 3583(e)(2), to impose the updated condition recommended by the Sentencing Guidelines, U.S.S.G. § 5D1.3(c)(8) (2018), in place of the controlled-substance and association conditions.