FILED
United States Court of Appeals
Tenth Circuit

July 10, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

YVONNE MADRID,

     Defendant - Appellant.

No. 19-2060
(D.C. No. 1:18-CR-00836-JB-2)
(D.N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **SEYMOUR** and **MORITZ**, Circuit Judges.
_____

Yvonne Madrid appeals her 63-month sentence for conspiring to distribute a

controlled substance and attempting to provide contraband to a prison. For the reasons

explained below, we affirm.

**Background**

In December 2017, Madrid's ex-husband, Christopher Chavez, was in jail

awaiting trial for crimes related to his membership in a violent gang. Madrid asked

Chavez's then-defense attorney to deliver an envelope of letters and Christmas cards to

Chavez. Unbeknown to the attorney, the cards contained Suboxone, a brand-name opioid

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive
value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

and controlled substance. The attorney brought the envelope to the jail and gave it to the guards for inspection. During the inspection the guards discovered the Suboxone. Madrid's failed attempt to the deliver the drugs to Chavez resulted in her arrest. It also disrupted Chavez's trial because the attorney was removed from Chavez's case.

Madrid admitted that she obtained the Suboxone, concealed it within the cards, and gave the cards to the attorney for delivery. She also admitted that she expected compensation for delivering the Suboxone, which was at least one reason why she participated in the scheme. But Madrid said that she also participated because Chavez directed her involvement and that she felt pressured to follow Chavez's directions given his gang membership.

The government charged Madrid and Chavez each with one count of conspiracy to distribute Suboxone. *See* 21 U.S.C. § 846 (conspiracy); *id.* at § 841(a)(1) and (b)(1)(E) (intent to distribute). In the same indictment, the government charged Madrid with one count of attempting to provide Suboxone in prison and Chavez with one count of attempting to possess Suboxone in prison. *See* 18 U.S.C. § 1791(a)(1) (providing); *id.* at § 1791(a)(2) (possessing). Madrid pleaded guilty to both counts against her.

Even though Madrid and Chavez were indicted for their roles in the same conspiracy, the Presentence Investigation Report (PSR) recommended that Madrid receive a higher base offense level under the United States Sentencing Guidelines ("U.S.S.G" or "the Guidelines") because she attempted to provide the Suboxone whereas Chavez attempted to possess it. *See* U.S.S.G. § 2P1.2(c). And the PSR declined to reduce her offense level based on her role in the conspiracy. Madrid objected to the PSR's

2

determination that her role in the conspiracy did not merit an adjusted offense level, and she asked the district court to apply the minor-participant reduction. *See* U.S.S.G. § 3B1.2(b) (instructing courts to reduce offense level "[i]f the defendant was a minor participant in any criminal activity"). She also asked the district court to vary her sentence downward to reduce any disparity between her sentence and Chavez's sentence. *See* 18 U.S.C. § 3553(a)(6) (instructing courts to consider "the need to avoid unwarranted sentence disparities").

At her sentencing hearing, the district court concluded that Madrid played an essential role in the conspiracy. It emphasized that Madrid secured the Suboxone and provided it to the attorney for delivery, and that her interactions with Chavez suggested that she had previously distributed Suboxone to inmates in prison. The district court's subsequent written order further explained that Madrid knew and understood the drug scheme and that she expected compensation for her participation. Based on these findings, the district court denied Madrid's request for a minor-participant reduction.

The district court also concluded that some disparity between Madrid's and Chavez's sentences was appropriate. Largely based on the same facts it found when denying Madrid's request for the minor-participant reduction, it determined that Madrid was more culpable than Chavez. Nevertheless, it did vary her sentence downward by one level to account for the pressure Chavez exerted over Madrid and her acceptance of responsibility. The one-level variance lessened the disparity between their advisory sentencing ranges but did not eliminate it. Ultimately, the district court sentenced Madrid to 63 months in prison followed by three years of supervised release. Madrid appeals.

3

**Analysis**

Madrid challenges her sentence as both procedurally and substantively unreasonable. She contends that her sentence is procedurally unreasonable because the district court erroneously rejected the minor-participant reduction by fixating on her essential role in the conspiracy at the sentencing hearing. She also contends that her sentence is substantively unreasonable given the disparity between her sentence and Chavez's sentence. We address each argument in turn.

## I.  Procedural Reasonableness

Minor participants in an offense are eligible for reduced advisory sentencing ranges under § 3B1.2, which provides a nonexhaustive list of factors to consider when determining whether to apply the reduction. *See* § 3B1.2 cmt. n.3(C). It also advises that "[t]he fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative." § 3B1.2 cmt. n.3(C)(v). Instead, the court should determine whether the defendant "is substantially less culpable than the average participant in the criminal activity." *Id.* When reviewing a district court's order denying a minor-role reduction, we review the district court's factual conclusions for clear error and its legal rulings de novo.[1] *See United States v. Gantt*, 679 F.3d 1240, 1246 (10th Cir. 2012).

---

[1] The government argues that plain error is the appropriate standard of review because Madrid failed to preserve her objection to the district court's denial of a minor-participant reduction. But the sentencing hearing began with the court noting that Madrid objected to the "lack of a minor[-]role adjustment." R. vol. 3, 9. And then Madrid's attorney argued that Madrid should not be denied a minor-role reduction simply because she played an essential role. This is the same argument she makes on appeal. Thus, we apply the clearly erroneous standard.

Madrid argues that the district court incorrectly considered her essential role in the conspiracy to be determinative when it denied her request for the minor-participant reduction.[2] True, at the hearing, the court examined whether Madrid played an essential role; but it did so only after Madrid's counsel framed her participation in terms of an essential role. Madrid's counsel began by stating: "Now, part of the controversy is whether or not [Madrid] played an essential role." R. vol. 3, 10. Madrid's counsel then argued that Madrid did not play an essential role because she was acting at the direction of Chavez and under his threats. Further, her counsel argued that even if Madrid played an essential role by, for example, obtaining the Suboxone, acting under the direction of Chavez made her more like a mere courier than a major participant. As a result, when the district court addressed Madrid's objection, it discussed whether Madrid played an essential role.

Moreover, the district court contextualized Madrid's essential role in terms of "the average person": "If I try to look at who the average person is and try to figure out who is below it and who is above it, she seems to me to be an essential person, and is neither below the average or maybe even the average." *Id.* at 20. Framing Madrid's participation in terms of the average person is precisely what § 3B1.2 requires: a defendant may

---

[2] Madrid's argument relies on the court's statements during the sentencing hearing, where the court discussed whether she played an essential role. She argues that we should give more weight to these oral statements than to the later statements in the court's written order, which did not discuss her essential role. But because we conclude that the court's statements during the sentencing hearing were proper, we need not consider whether statements made during a hearing receive greater weight than statements made in a written order.

receive the reduction only "if he or she is substantially less culpable than the average participant in the criminal activity." § 3B1.2 cmt. n.3(C)(v). And although the defendant's essential role is not determinative, the Guidelines do not prohibit a district court from taking it into consideration. *See id.* Thus, the district court did not improperly consider Madrid's essential role in the conspiracy when declining to apply the minor-participant reduction.

Next, Madrid argues that the facts support a minor-participant reduction because she acted at Chavez's direction. But after framing Madrid's role in terms of the average participant, the district court found that she was not a minor participant because, notwithstanding Chavez's threats, Madrid knowingly secured Suboxone and provided it to Chavez's attorney for delivery. And Madrid is not entitled to a minor-participant reduction merely because she asserts that Chavez was the leader of the conspiracy. *See United States v. Llantada*, 815 F.3d 679, 685 (10th Cir. 2016) (rejecting argument that middleman status alone warrants minor-participant reduction). Accordingly, the district court did not clearly err when it denied Madrid's request for a minor-participant reduction.[3] *See Gantt*, 679 F.3d at 1246.

---

[3] Madrid also points out that amendments to the Guidelines in 2016 encourage more frequent application of the minor-role reduction. And she suggests that the district court may have misapprehended the current version of § 3B1.2(b) because it cited pre-2016 cases. But Madrid does not contend that the pre-2016 cases are no longer good law. And the district court's analysis did not turn on any understanding of the frequency with which § 3B1.2(b) should be applied. Moreover, Madrid fails to explain the relevance of amendments that generally encourage the more frequent application of § 3B1.2(b) to the district court's reasons for rejecting the reduction in this case. Accordingly, we reject this argument.

## II.     Substantive Reasonableness

A sentence must be substantively reasonable. *United States v. Walker*, 844 F.3d 1253, 1255 (10th Cir. 2017). "Substantive reasonableness focuses on the length of the sentence and requires that sentences be neither too long nor too short. The reasonableness of a sentence is reviewable under the abuse-of-discretion standard." *Id.* (citation omitted). Under this deferential standard, we uphold a district court's decision unless it is "arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Munoz-Nava*, 524 F.3d 1137, 1146 (10th Cir. 2008) (quoting *United States v. Byrne*, 171 F.3d 1231, 1235–36 (10th Cir. 1999)). And we consider the factors outlined in § 3553(a) when determining the reasonableness of a sentence. *Id.* at 1256. But because the parties focus on only one of those factors—"the need to avoid unwarranted sentence disparities"—we limit our analysis accordingly. § 3553(a)(6).

Madrid argues that even with the district court's one-level reduction, her sentence is substantively unreasonable given the disparity between her sentence and Chavez's sentence. And while she acknowledges that disparities among the sentences of coconspirators are not per se impermissible, she contends that the facts of her case do not support the disparity because Chavez's pressure rendered her participation involuntary. *See United States v. Rojas*, 531 F.3d 1203, 1210 (10th Cir. 2008) ("Although it is not improper to consider co-defendant disparity, neither is it mandated.").

But the district court accounted for Chavez's pressure by varying Madrid's sentence down by one level. And it then justified the remaining disparity. Specifically, it explained that Chavez's offense conduct—intending to possess the Suboxone—was less

7

culpable than Madrid's offense conduct, which included securing the Suboxone, attempting to use an attorney as an "unwitting" drug courier, and expecting compensation for the delivery. R. vol. 1, 32. The district court also determined that there is a "legitimate penological interest in punishing those who facilitate the introduction of drugs into prison more harshly than those who receive contraband" because without the provider the contraband would not enter the prison. *Id.* at 75. And it further found that "Madrid's crime of smuggling drugs into prison is particularly a problem in [this] context" because (1) the gang "generates income" by trafficking drugs, and (2) Madrid disrupted Chavez's then-pending criminal trial and caused the disqualification of his attorney. *Id.* (second quoting *United States v. DeLeon*, 326 F. Supp. 3d 1257, 1264 (D.N.M. 2018)). Given these findings, the district court's order was not "arbitrary, capricious, whimsical, or manifestly unreasonable." *Munoz-Nava*, 524 F.3d at 1146 (quoting *Byrne*, 171 F.3d at 1235–36). Accordingly, the district court did not abuse its discretion by determining that Madrid was more culpable than Chavez.

## Conclusion

Madrid has failed to demonstrate that her sentence is either procedurally or substantively unreasonable. Accordingly, we affirm her sentence.

Entered for the Court

Nancy L. Moritz
Circuit Judge

8