**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 22, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

DOMINIC PACHECO-DONELSON,

      Defendant-Appellant.

No. 17-1180

_____

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. No. 1:15-CR-00451-RBJ-1)**
_____

Meredith B. Esser, Assistant Federal Public Defender (Virginia L. Grady, Federal Public Defender, with her on the briefs), Denver, Colorado, for Defendant-Appellant.

Michael C. Johnson, Assistant United States Attorney (Robert C. Troyer, United States Attorney, with him on the brief), Denver, Colorado, for Plaintiff-Appellee.
_____

Before **BACHARACH**, **KELLY**, and **MORITZ**, Circuit Judges.
_____

**BACHARACH**, Circuit Judge.
_____

    This appeal stems from a special condition of supervised release, which banned Mr. Dominic Pacheco-Donelson from associating with any gang members. He challenges the ban only with respect to its inclusion of

two of his foster brothers. To Mr. Pacheco-Donelson, inclusion of the two foster brothers renders the ban procedurally and substantively unreasonable. We disagree.

Mr. Pacheco-Donelson failed to object in district court based on procedural reasonableness, and he has not shown plain error. In addition, the special condition is substantively reasonable, for it is reasonably related to the statutory sentencing factors and does not deprive Mr. Pacheco-Donelson of greater liberty than is reasonably necessary. We therefore affirm.

## I.	In a special condition of supervised release, the district court banned Mr. Pacheco-Donelson from associating with gang members.

Mr. Pacheco-Donelson was on supervised release when he was arrested for violating the conditions. The arrest led to revocation, and the district court sentenced Mr. Pacheco-Donelson to eight months' imprisonment and two more years of supervised release. The court re-imposed the prior conditions of supervised release, including a ban on associating with gang members.

At the revocation hearing, Mr. Pacheco-Donelson objected to the ban insofar as it included two of his foster brothers. The probation officer responded, expressing concern about Mr. Pacheco-Donelson's continued association with the two foster brothers because of their gang affiliations. Following this expression of concern, the district court overruled Mr.

2

Pacheco-Donelson's objection: "Well, then that's all I need to hear. The term is that he not associate knowingly with gang members, and if that includes relatives, so be it. Can't do it." R. Vol. III, at 18.

On appeal, Mr. Pacheco-Donelson challenges inclusion of the two foster brothers in the ban on associating with gang members.[1]

## II. Mr. Pacheco-Donelson fails to show plain error on his claim of procedural reasonableness.

Mr. Pacheco-Donelson argues that the special condition was procedurally unreasonable because the district court failed to make adequate findings. The threshold issue involves preservation of this argument in district court.

Mr. Pacheco-Donelson contends that he objected to the special condition of release during his revocation hearing. But there his stated grounds were substantive, not procedural. He objected on the ground that his foster brothers' "present or prior affiliation with a gang . . . should not trump his familial relationship with those individuals." *Id.* at 17–18. Mr. Pacheco-Donelson did not allege that the findings were inadequate, and his substantive objection did not preserve the procedural issue on the adequacy of the findings. *See United States v. Mendoza*, 543 F.3d 1186, 1191 (10th

---

[1] Another supervised-release condition restricts association with individuals convicted of a felony, and Mr. Pacheco-Donelson admits that the two foster brothers have prior felony convictions. But this restriction does not forbid association with the two foster brothers when permitted by the probation office.

3

Cir. 2008) ("A party must specifically object to the district court's procedure in order to preserve that issue for review.").

Though the issue is unpreserved, Mr. Pacheco-Donelson contended in his reply brief that he should prevail even under the plain-error standard. We will consider the issue under this standard. *See United States v. Courtney*, 816 F.3d 681, 683–84 (10th Cir. 2016) (reviewing a claim under the plain-error standard when argued in the reply brief).

For plain error, Mr. Pacheco-Donelson must show that an error

- was committed,

- is plain,

- affects substantial rights, and

- seriously affects the fairness, integrity, or public reputation of judicial proceedings.

*United States v. Mike*, 632 F.3d 686, 691–92 (10th Cir. 2011).

Mr. Pacheco-Donelson contends that the district court plainly erred by failing to make adequate findings. When a district court imposes a special condition that infringes on a fundamental right, the court must make particularized findings and justify the condition with compelling circumstances. *United States v. Burns*, 775 F.3d 1221, 1222–23 (10th Cir. 2014). According to Mr. Pacheco-Donelson, this requirement applies because he enjoys a fundamental right to associate with the two foster brothers.

4

This court has recognized the right to familial association between siblings and between a parent and foster child. *See Trujillo v. Bd. of Cty. Comm'rs*, 768 F.2d 1186, 1189 (10th Cir. 1985) (siblings); *Elwell v. Byers*, 699 F.3d 1208, 1216 (10th Cir. 2012) (parent and foster child). But we have not decided whether the relationship between foster siblings entails a protected liberty interest. And Mr. Pacheco-Donelson cites no opinions elsewhere on a right to familial association between foster siblings.

For the sake of argument, we might assume the possibility of a right to familial association between foster siblings.[2] But this theory would require proof, for the constitutional protection of familial relationships stems from "the emotional attachments that derive from the intimacy of daily association." *Smith v. Org. of Foster Families for Equal. & Reform*, 431 U.S. 816, 844 (1977). And Mr. Pacheco-Donelson provided no evidence of a close familial relationship between himself and the two foster brothers. *See United States v. White*, 782 F.3d 1118, 1140 (10th Cir. 2015) (stating that a non-custodial relative bears the burden to demonstrate that the nature of his familial relationship merits constitutional protection). Thus, the district court did not plainly err by failing to make particularized findings justifying the condition with compelling circumstances.

---

[2] The government "acknowledge[s] that there may be a right to familial association among foster brothers." Appellee's Resp. Br. at 9.

But absent a constitutional interest, the district court must still support the special condition with a statement of generalized reasons. *See United States v. Martinez-Torres*, 795 F.3d 1233, 1238 (10th Cir. 2015). Mr. Pacheco-Donelson contends that the district court failed to provide even generalized reasons. For the sake of argument, we might again assume that Mr. Pacheco-Donelson is right. Even if he is, the error would not have affected his substantial rights under the third prong of the plain-error standard.

To prove an effect on substantial rights, Mr. Pacheco-Donelson must "show a reasonable probability that, but for the error claimed, the result of the proceeding would have been different." *United States v. Clark*, 415 F.3d 1234, 1240 (10th Cir. 2005) (internal quotation marks omitted). Mr. Pacheco-Donelson argues that an appropriate inquiry would have revealed the lack of evidentiary support for this restriction. *See United States v. Burns*, 775 F.3d 1221, 1224–25 (10th Cir. 2014) (finding the third prong satisfied when there was no evidence supporting the condition). But here the proper inquiry would likely have led to the same result based on the evidence and the district court's remarks.

The evidence included the presentence report, which stated that

- the two foster brothers were incarcerated,
- the foster mother had given up on the two foster brothers, and

6

- Mr. Pacheco-Donelson's residency in the foster home had coincided with his membership in a gang, the Harbor City Crips.

To predict the likely effect of further findings, we must consider not only the evidence in the presentence report but also the district court's statements at sentencing. There the court stated that "once we put these people on supervised release . . . the heavy lifting goes to the probation officer . . . and I am always inclined to give substantial weight to the recommendation of the person who was trying to deal with the individual." R. Vol. III, at 16.

The court confirmed this inclination shortly thereafter. Following the objection to the special condition, the probation officer expressed concern because Mr. Pacheco-Donelson's foster brothers were gang members. The district court replied: "Well, then that's all I need to hear." *Id.* at 18. These remarks indicate that further findings would have led to the same outcome in light of the probation officer's expression of concern.

* * *

Mr. Pacheco-Donelson did not preserve his challenge involving procedural reasonableness, and the district court's procedure did not constitute plain error. We therefore reject Mr. Pacheco-Donelson's challenge involving procedural reasonableness.

7

### III. The special condition is substantively reasonable.

Mr. Pacheco-Donelson also contends that the special condition is substantively unreasonable. For this contention, we apply the abuse-of-discretion standard. *See United States v. Mike*, 632 F.3d 686, 691 (10th Cir. 2011). Applying this standard, we consider the substantive requirements for the special condition. It must

- be reasonably related to the statutory sentencing factors[3] and

- involve no greater deprivation of liberty than is reasonably necessary.

18 U.S.C. § 3583(d); *see* U.S. Sentencing Guidelines Manual § 5D1.3(b).[4] We conclude that the district court did not abuse its discretion because the conditions satisfied these requirements.

The record shows that Mr. Pacheco-Donelson joined a gang at age ten. His membership in the gang continued when he moved into a home with the two foster brothers, who were also gang members. During and after his stay in the home, Mr. Pacheco-Donelson admittedly continued to

---

[3] These factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need to afford adequate deterrence, the need to protect the public, and the need to provide the defendant with necessary correctional treatment in the most effective manner. 18 U.S.C. § 3553(a); *see United States v. Morrison*, 771 F.3d 687, 693 (10th Cir. 2014).

[4] In addition, the special condition must be consistent with any pertinent policy statements. 18 U.S.C. § 3583(d). But the parties do not cite any relevant policy statements. As a result, this requirement is inapplicable here.

associate with gangs.[5] And he eventually bought a gun, which led to his conviction, to protect himself from other gang members.[6]

Based on the evidence, a reasonable relationship exists between the ban on associating with the two foster brothers and

- Mr. Pacheco-Donelson's history and characteristics,

- the need for deterrence, and

- the need to protect the public.

First, Mr. Pacheco-Donelson's history and characteristics reflect extensive involvement with a gang. This involvement was ongoing when Mr. Pacheco-Donelson met his two foster brothers, who have also been members of a gang.

Second, the record shows gang involvement in Mr. Pacheco-Donelson's criminal history and his underlying offense. Thus, the district court could reasonably try to deter future criminality by banning Mr. Pacheco-Donelson from associating with other gang members, including the two foster brothers. *See United States v. Evans*, 883 F.3d 1154, 1161 (9th Cir. 2018); *see also United States v. Muñoz*, 812 F.3d 809, 820 (10th

---

[5]   Mr. Pacheco-Donelson admits that he was an active gang member from ages 10 to 17. He denies continued association with the gang after age 17, but there is evidence of Mr. Pacheco-Donelson's continued association with a gang.

[6]   The district court did not refer to this evidence from the presentence report. But at oral argument, Mr. Pacheco-Donelson conceded that we can consider the presentence report when reviewing the condition's substantive reasonableness.

9

Cir. 2016) ("Keeping [the defendant] away from other convicted felons is a sensible way to reduce the risk of recidivism, which is a legitimate purpose of supervised release even if the condition encroaches on a constitutionally protected interest.").

Third, the ban was reasonably related to protection of the public. As a felon, Mr. Pacheco-Donelson was not allowed access to a gun. *See* 18 U.S.C. § 922(g)(1). Nonetheless, his conviction showed that he had bought a gun from one gang member because of a perceived threat from other gang members. Banning continued association with gang members like the two foster brothers could curtail Mr. Pacheco-Donelson's source and need for guns.

The district court could reasonably consider these three factors based on the probation office's evaluation of the risk from continued association with the two foster brothers. The probation office opined that a ban on any gang associations was reasonably related to the sentencing factors and involved "only such deprivations of liberty . . . as [were] reasonably necessary to accomplish the statutory goals of sentencing." R. Vol. II, at 54. The district court could reasonably rely on this opinion when gauging the reasonableness and necessity of the condition with respect to the two foster brothers. *See United States v. Jones*, 798 F.3d 613, 621 (7th Cir. 2015) (stating that the district court "appropriately relied on probation's

10

assessment of the danger [the defendant] posed and the needs of the community").

Notwithstanding this evidence, Mr. Pacheco-Donelson contends that

- there is no evidence that he and his two foster brothers were in the same gang,

- there is no evidence linking the underlying crimes to the foster brothers, and

- the district court did not consider whether the two foster brothers remain gang members.

We reject these arguments. The district court could reasonably try to reduce the potential for future crimes by separating Mr. Pacheco-Donelson from any other gang members (even if they belonged to different gangs). *See United States v. Muñoz*, 812 F.3d 809, 820 (10th Cir. 2016) (discussing the sensibility of keeping the defendant away from other convicted felons). Those gang members could be seen as negative influences even if they and Mr. Pacheco-Donelson had not committed crimes together. *See United States v. Evans*, 883 F.3d 1154, 1161 (9th Cir. 2018) (upholding a ban on associating with gang members because the district court could properly conclude that the defendant was more likely to relapse into crime if he returned to his prior associations). And even if the district court did not know whether the two foster brothers remained in a gang, the condition would ban association with them only if they remained gang members.

11

* * *

The district court did not abuse its discretion by banning Mr. Pacheco-Donelson's association with gang members, including the two foster brothers.

## IV.    Conclusion

Mr. Pacheco-Donelson failed to object to the special condition's procedural reasonableness and has not demonstrated plain error. In addition, the condition is substantively reasonable. We therefore affirm.