FILED
United States Court of Appeals
Tenth Circuit

January 28, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOSE AVIGAIL GRIJALVA,

    Defendant - Appellant.

No. 18-6162
(D.C. No. 5:17-CR-00107-HE-2)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

Jose Avigail Grijalva pled guilty to a federal drug crime and was sentenced to 120 months in prison and five years of supervised release. He appeals his conviction and sentence. His appointed counsel has submitted an *Anders* brief stating the appeal presents no non-frivolous grounds for reversal. After careful review of the record, we agree. Exercising jurisdiction under 28 U.S.C. § 1291, we grant counsel's motion to withdraw and dismiss the appeal.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.  BACKGROUND

### A. *Guilty Plea and Motion to Withdraw*

Mr. Grijalva and Raymend Lee Scott, Jr. were charged with (1) conspiring to possess with intent to distribute and (2) possessing with intent to distribute more than 400 grams of a mixture containing fentanyl and more than 500 grams of a mixture containing cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

Mr. Grijalva moved to suppress the controlled substances evidence.  Before the motion could be heard, he pled guilty to the second charge without a plea agreement, acknowledging he faced a 120-month statutory mandatory minimum sentence.  *See* 21 U.S.C. § 841(b)(1)(A).[1]  Several months later, Mr. Scott pled guilty to the first charge under a plea agreement in which the parties agreed to an 84-month sentence.

Mr. Grijalva then moved to withdraw his plea, arguing his mandatory minimum sentence would be disproportionate to Mr. Scott's expected sentence.  The district court denied the motion, concluding Mr. Grijalva had not carried his burden on any of the criteria for plea withdrawal.

### B. *Sentence*

Mr. Grijalva's Presentence Report ("PSR") calculated a base offense level of 32 based on the quantity of substances seized.  The PSR applied a two-level acceptance-of-responsibility reduction under United States Sentencing Guideline ("U.S.S.G.")

---

[1] Mr. Grijalva, over the advice of his counsel, rejected the government's plea agreement offer.

§ 3E1.1(a) for an adjusted offense level of 30. Based on Mr. Grijalva's criminal history category of III, his Guidelines range was 121 to 151 months.

Mr. Grijalva objected to the base offense level, challenging the PSR's calculation of the weight of the mixture containing fentanyl.[2] The district court overruled his objection, adopted the PSR calculations, and sentenced him to the statutory mandatory minimum of 120 months.

## C. *Appeal and* Anders *Brief*

Counsel for Mr. Grijalva timely appealed. We then granted counsel's motion to withdraw and allowed Mr. Grijalva to proceed pro se.

Mr. Grijalva submitted a pro se opening brief, asserting the district court erred in (1) "denying" his motion to suppress, (2) denying his motion to withdraw his plea, (3) calculating the purity of the mixture containing fentanyl, (4) "not granting" an additional one-level reduction under U.S.S.G. § 3E1.1(b), and (5) imposing a sentence disproportionate to Mr. Scott's sentence. Doc. 10631562 at 3-16.[3] He also moved for appointment of new counsel, which we granted.

---

[2] When weighing the mixture containing fentanyl, the laboratory did not remove its packaging due to safety concerns. It estimated the mixture's net weight by calculating the weight of the packaging on the mixture containing cocaine. Mr. Grijalva objected to this method and requested a test of the mixture containing fentanyl.

[3] The panel directs the Clerk to file Mr. Grijalva's pro se opening brief received on March 1, 2019.

Mr. Grijalva claims the district court denied his motion to suppress and denied a one-level reduction under § 3E1.1(b). But the district court never ruled on his motion to suppress or received a motion for a § 3E1.1(b) reduction.

3

Mr. Grijalva's new counsel filed a brief invoking *Anders v. California*, 386 U.S. 738 (1967), which "authorizes counsel to request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous," *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citation omitted). The *Anders* brief concluded Mr. Grijalva's assertions of error lack merit and otherwise identified no non-frivolous issues for appeal.

The clerk's office sent the *Anders* brief to Mr. Grijalva and invited him to respond. Mr. Grijalva did not, despite receiving two extensions.

## II. DISCUSSION

### A. *Standard of Review*

*Anders* provides that:

> [I]f counsel finds [the defendant's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. . . . [T]he court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal . . . .

386 U.S. at 744. When counsel submits an *Anders* brief, we review the record de novo. *See United States v. Leon*, 476 F.3d 829, 832 (10th Cir. 2007) (per curiam).

### B. *Analysis*

Having "conducted an independent review and examination" of the record, *id*., we discern no non-frivolous ground for appealing Mr. Grijalva's conviction and sentence.

4

We consider the issues Mr. Grijalva has raised in his pro se brief and addressed in the *Anders* brief. We also have searched the record for any other colorable appeal issues and have found none.

## 1. Motion to Suppress Evidence

Mr. Grijalva claims in his pro se brief that the district court erred in denying his motion to suppress the drug evidence. As the *Anders* brief notes, the court did not rule on the motion because Mr. Grijalva pled guilty before it could be heard. Even if there had been a suppression ruling before he pled guilty, his unconditional guilty plea waived any appellate challenge. *See United States v. Hawthorne*, 316 F.3d 1140, 1145 (10th Cir. 2003) ("[E]ntry of an unconditional guilty plea results in the waiver of all nonjurisdictional defenses." (quotations omitted)).

## 2. Motion to Withdraw Guilty Plea

Mr. Grijalva argues that the district court erred in denying his motion to withdraw his plea. He contends his guilty plea was unknowing because he did not understand that proceeding to trial would force the government to meet its burden and allow him to still be "eligible for [an] [a]cceptance of [r]esponsibility reduction under § 3E1.1(a)." Doc. 10631562 at 15. Because he did not object to whether his plea was knowing in the district court, appellate review would be for plain error. *See United States v. Pacheco-Donelson*, 893 F.3d 757, 759 (10th Cir. 2018).

As the *Anders* brief shows, the record refutes this argument. Before entering his plea, Mr. Grijalva acknowledged—both in writing and during his plea hearing—that he

was foregoing his right to require the government to prove guilt beyond a reasonable doubt. He also acknowledged his guilty plea carried a 120-month statutory mandatory minimum sentence.[4] The record demonstrates his plea was "a voluntary and intelligent choice among the alternative courses of action" available. *United States v. Muhammad*, 747 F.3d 1234, 1239 (10th Cir. 2014) (quotations omitted).

Because he cannot show "a fair and just reason for requesting the withdrawal" of his plea, Fed. R. Crim. P. 11(d)(2)(B), Mr. Grijalva cannot establish on appeal that the district court abused its discretion when it denied his motion, *see United States v. Sanchez-Leon*, 764 F.3d 1248, 1258 (10th Cir. 2014).

### 3. Purity of Mixture Containing Fentanyl

Mr. Grijalva argues, for the first time on appeal, that the approximately 2,600-gram mixture containing fentanyl had only "28 grams of fentanyl." Doc. 10631562 at 9. Because the mixture did not contain "400 grams or more [of fentanyl]," he claims § 841(b)(1)(A)'s 120-month statutory mandatory minimum did not apply. *Id*. at 10.

The district court did not err. Mr. Grijalva misunderstands the applicable law. He misconstrues § 841(b)(1)(A), which does not require 400 grams or more of fentanyl for

---

[4] Mr. Grijalva's § 3E1.1(a) argument is misguided. He received a two-level acceptance-of-responsibility reduction because he pled guilty and did not put the government to the burden of trial. *See United States v. Tom*, 494 F.3d 1277, 1280 (10th Cir. 2007) ("[A] defendant's decision to exercise his constitutional right to trial will commonly render him ineligible for a § 3E1.1 reduction."); U.S.S.G. § 3E1.1, cmt. 2 (noting the "rare situations" in which a defendant may demonstrate acceptance of responsibility despite proceeding to trial).

6

the mandatory minimum sentence—only "400 grams or more of a mixture or substance containing a detectable amount of [fentanyl]." 21 U.S.C. § 841(b)(1)(A)(vi); *see also United States v. Valdez*, 225 F.3d 1137, 1143 (10th Cir. 2010) (noting even "an unquantifiable trace" of a controlled substance constitutes a "detectable amount" for purposes of § 841(b)(1)(A) (emphasis and quotations omitted)). Moreover, he admitted to possessing more than 400 grams of a mixture containing fentanyl.

### 4. One-Level Reduction Under § 3E1.1(b)

Mr. Grijalva contends, again for the first time on appeal, that the district court erred in refusing to apply an additional one-level reduction under U.S.S.G. § 3E1.1(b).[5] But even if Mr. Grijalva could show he was entitled to this reduction, it would not have lowered his sentence. *See Sanchez-Leon*, 764 F.3d at 1262 ("[R]esentencing is required only if the error was not harmless." (quotations omitted)). Once Mr. Grijalva pled guilty to possessing with intent to distribute more than 400 grams of a mixture containing fentanyl and more than 500 grams of a mixture containing cocaine, the district court "had no discretion under the statute to do other than impose the mandatory minimum sentence." *United States v. Payton*, 405 F.3d 1168, 1173 (10th Cir. 2005). Any error would be harmless.

---

[5] Section 3E1.1(b) provides for a one-level decrease "upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty." U.S.S.G. § 3E1.1(b).

7

5. **Sentence Disparity**

Mr. Grijalva asserts his 120-month sentence was substantively unreasonable because it was disproportionate to Mr. Scott's 84-month sentence. *See* 18 U.S.C. § 3553(a)(6) (requiring sentencing judge to consider "sentence disparities among defendants with similar records who have been found guilty of similar conduct").

We review a substantive reasonableness challenge for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). We look to "the district court's consideration of the § 3553(a) factors and the sufficiency of the justifications used to support the sentence." *Sanchez-Leon*, 764 F.3d at 1267 (quotations omitted).

Mr. Grijalva's challenge lacks merit. Based on his guilty plea, the court could not impose a sentence lower than the statutory mandatory minimum. *See Payton*, 405 F.3d at 1173. His sentence was substantively reasonable as a matter of law. *See United States v. Peralta*, 784 F. App'x 588, 592 (10th Cir. 2019) (unpublished) (concluding sentence was substantively reasonable because defendant received the statutory mandatory minimum).[6] Also, Mr. Scott stood in a different posture. He was not subject to the statutory mandatory minimum because he, unlike Mr. Grijalva, accepted a plea agreement with a stipulated 84-month sentence. *See United States v. Haley*, 529 F.3d 1308, 1312 (10th Cir.

---

[6] *See* 10th Cir. R. 32.1 ("Unpublished decisions are not precedential, but may be cited for their persuasive value."); *see also* Fed. R. App. P. 32.1.

2008) ("[D]isparate sentences are allowed where the disparity is explicable by the facts

on the record." (quotations omitted)).[7]

---

[7] The record on appeal does not reflect why Mr. Scott's sentence was set below the statutory mandatory minimum, other than it was tied to his plea agreement. A court may do so under 18 U.S.C. § 3553(e) and Rule 35(b)(4) of the Federal Rules of Criminal Procedure.

Mr. Grijalva also asserts the disparity between his sentence and Mr. Scott's "violated his constitutional right to equal protection because he received . . . significantly different treatment." Doc. 10631562 at 11. This argument also fails. The "guarantee of equal protection under the Fifth Amendment" encompasses "a right to be free from invidious discrimination in . . . governmental activity." *Harris v. McRae*, 448 U.S. 297, 322 (1980); *see also Sessions v. Morales-Santana*, 137 S. Ct. 1678, 1686 n.1 (2017) (The "[Supreme] Court's approach to Fifth Amendment equal protection claims has always been precisely the same as to equal protection claims under the Fourteenth Amendment." (quotations omitted)). Because Mr. Grijalva cannot show he and Mr. Scott were similarly situated, he cannot demonstrate the disparity between their sentences was the product of invidious discrimination. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *Barney v. Pulsipher*, 143 F.3d 1299, 1312 (10th Cir. 1998) (stating a "viable equal protection claim" requires showing the individual was "treated differently from others who were similarly situated").

9

## III. **CONCLUSION**

Our independent review of the record found no non-frivolous ground for reversal based on the issues raised in Mr. Grijalva's pro se brief and addressed in the *Anders* brief. Nor have we uncovered any other non-frivolous arguments for appeal. We grant counsel's motion to withdraw and dismiss the appeal.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge

10